J-A19015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: A.R., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: M.R., BIRTH FATHER | No. 2048 WDA 2014 |

Appeal from the Order Entered November 17, 2014
In the Court of Common Pleas of Allegheny County
Orphans' Court at No(s): TPR 83 OF 2014

| | |
|---|---|
| IN RE: B.R., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: M.R., BIRTH FATHER | No. 2049 WDA 2014 |

Appeal from the Order Entered November 17, 2014
In the Court of Common Pleas of Allegheny County
Orphans' Court at No(s): TPR 82 OF 2014

BEFORE: BENDER, P.J.E., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED AUGUST 25, 2015**

M.L.R. ("Father") appeals from the orders involuntarily terminating his parental rights to B.R. (born in July of 2007), and A.R. (born in March of 2010) (collectively "the Children"), pursuant to 23 Pa.C.S. §§ 2511(a)(2), (a)(5), (a)(8), and § 2511(b).[1]  We affirm.[2]

---

[1] The parental rights of S.K., the Children's mother ("Mother"), were also involuntarily terminated.  Mother filed a separate appeal which is docketed at Nos. 2006 WDA 2014 and 2007 WDA 2014.

[2] By order dated January 5, 2015, this Court consolidated these appeals *sua sponte*.

The family first became known to the Allegheny County Office of Children, Youth and Families ("CYF") in October 2011 "following allegations that the children were alone outside.  There were also concerns that the family was being evicted and that the parents were using drugs."  Orphans' Court Opinion (O.C.O.), 1/26/15, at 3 (citations to the record omitted).  In early April 2012, CYF sought and obtained an Emergency Custody Authorization ("ECA"), after learning of Mother's attempted suicide.  ***Id.***

> The children were removed from their Mother's care; Father had left the home months prior.  Mother was in the I.C.U. after attempting to end her life, and Father could not be a caregiver as he did not have housing, was [a] perpetrator of domestic violence, as well as a Suboxone addict.  The children were temporarily placed in an Auberle foster home while awaiting a shelter hearing, as their grandparents had criminal histories and did not pass CYF's emergency clearances.  But at the shelter hearing, it was determined that B.R. could be placed with his Paternal Grandmother … and that A.R. could be placed with Maternal Step-Grandmother [ ].  There the children have remained.  The children were adjudicated dependent on April 30, 2012.  The petition to involuntarily terminate the parents' rights was filed on May 13, 2014.

***Id.*** at 3-4 (citations to the record omitted).

The record further indicates that an initial hearing regarding the termination petition was held on June 2, 2014, in conjunction with a permanency review in the dependency matter.  Father failed to appear at the initial termination hearing; however, Mother appeared and announced her intention to contest the petition.  Accordingly, a contested hearing was scheduled on the termination matter for November 12, 2014.

Father appeared at the termination hearing on November 12, 2014, unrepresented, and requested a continuance to allow him time to obtain counsel. The trial court determined that Father had proper notice of the hearing and sufficient time to obtain counsel prior to the hearing. Thus, the court denied Father's request for a continuance, and Father proceeded with the hearing *pro se*. After reviewing the evidence and hearing testimony from Father, Mother, a CYF caseworker, a psychologist and the Children's Paternal Grandmother, the orphans' court entered its orders terminating Father's parental rights to the Children.

Father timely filed notices of appeal and a concise statement of errors complained of on appeal in compliance with Pa.R.A.P. 1925(a)(2)(i) and (b). He now raises the following sole issue for our review: "Whether the Trial Court erred and/or abused its discretion in not granting the request of birth father to be represented by counsel in the hearing to involuntarily terminate Father's parental rights as it pertains to his children A.R. and B.R." Father's Brief at 1.

Our standard of review regarding orders terminating parental rights is as follows:

> When reviewing an appeal from a decree terminating parental rights, we are limited to determining whether the decision of the trial court is supported by competent evidence. Absent an abuse of discretion, an error of law, or insufficient evidentiary support for the trial court's decision, the decree must stand. Where a trial court has granted a petition to involuntarily terminate parental rights, this Court must accord the hearing judge's decision the same deference that we would give to a jury verdict. We must employ a broad, comprehensive review of the

record in order to determine whether the trial court's decision is supported by competent evidence.

*In re S.H.*, 879 A.2d 802, 805 (Pa. Super. 2005).  The trial court is free to believe all, part, or none of the evidence presented and is likewise free to make all credibility determinations and resolve conflicts in the evidence.  *In re M.G.*, 855 A.2d 68, 73-74 (Pa. Super. 2004).  If competent evidence supports the trial court's findings, we will affirm even if the record could also support the opposite result.  *In re Adoption of T.B.B.*, 835 A.2d 387, 394 (Pa. Super. 2003).

Father asserts that the trial court committed an abuse of discretion by failing to advise him of his right to counsel and by proceeding with the termination hearing, despite his request for a continuance to allow time to obtain counsel.  Father's Brief at 5.

We note that contrary to Father's allegations, the record clearly reflects CYF served Father with a "Notice of Hearing on Petition to Involuntarily Terminate Parental Rights,"[3] which expressly provided, in pertinent part:

> You are warned that even if you fail to appear at the scheduled hearing, the hearing will go on without you and your rights to your children may be ended by the court without your being present.  You have a right to be represented at the hearing by a lawyer.  You should take this paper to your lawyer at once.  If you do not have a lawyer or cannot afford one, go to or

---

[3] The notice of hearing is part of the certified record and is attached to the "Affidavits of Attempted Service" filed with the court on May 30, 2014.

telephone the office set forth below to find out where you can get legal help.

Lawyer Referral Service
The Allegheny County Bar Association
Koppers Building, Suite 1100
436 Seventh Avenue
Pittsburgh, PA  15219
Telephone:  (412) 261-5555

CYF successfully completed service of the notice of hearing through publication[4] in accordance with Pa.O.C. Rule 15.6, which allows notice to be given by publication when personal service cannot be completed.[5]  In addition to advising Father of his right to counsel and how to obtain an attorney if he could not afford one, the notice also contained information regarding the date, time and location of the hearing, as well as the purpose of the hearing.

Moreover, the trial court provides the following background and well-reasoned analysis in support of its decision to deny Father's request for a continuance:

> At the beginning of the case Father was assigned counsel.  But throughout the history of the case he made his intentions clear that he did not [want] to work with his counsel nor be a part of the Court proceedings.  His decision not to communicate with counsel led to counsel's motion to withdraw.  Not only did he fail

_____

[4] CYF published the notice of termination hearing in the Pittsburgh Post-Gazette and the Pittsburgh Legal Journal on May 9, 2014, May 16, 2014, and May 23, 2014.  "Proofs of Publication" were filed with the court on June 2, 2014.

[5] An "Affidavit of Diligent Search" was filed with the court on May 30, 2014, along with "Affidavits of Attempted Service," indicating CYF's diligent efforts to locate Father and its failed attempts to obtain personal service on Father.

to communicate with CYF, he clearly avoided it. Testimony revealed that Father skipped dependency review hearings, because there was a warrant out for his arrest. It was clear that he only showed up to the TPR trial because, in the months prior to the trial, he was finally arrested and the outstanding criminal matter resolved. In other words, once he realized he was not going to go to jail if he stepped foot in the courthouse, he was agreeable to taking part in the case. Before seeking a withdrawal, Father's counsel had tried to contact her client since late 2013 – over one year prior to the TPR. Because the children were placed with his mother and another familial connection, Father was aware that the children were out of his and Mother's care during the entirety of the case. Because of Father's knowledge of the children's placements with relatives, and because he avoided contact with CYF, the agency became to rely on his mother – Paternal Grandmother and foster mother to B.R. – to give Father actual notice of hearings, including the TPR trial. … Father admitted the same and that he actually received CYF's paperwork regarding the hearing. He did not apply for counsel, nor did he seek to ensure that [the] attorney who had been trying to reach him for months was still on his case.

Despite the regularity [of] TPR trials before it, this Court does not take lightly the awesome power it wields, nor does it fail to recognize the parents' constitutional rights at stake. Still, the permanency of the children is paramount, and given that Father had proper notice and time to obtain counsel prior to the trial, this Court determined no continuance was warranted.

O.C.O. at 4-5. Based on our review of the record, we conclude that Father had proper notice of the hearing and his right to counsel and that he was provided with clear instructions regarding how to obtain a lawyer if he could not afford one. We discern no abuse of discretion by the trial court.

Father also attempts to argue that the court previously determined him as an indigent and, therefore, should have appointed him counsel for the termination proceeding in accordance with 23 Pa.C.S. § 2313(a.1). Father's Brief at 4-5. However, as we stated in *In re Adoption of J.N.F.*,

887 A.2d 775 (Pa. Super. 2005), an indigent parent must petition the trial court for counsel in a termination proceeding. The appointment of counsel is not an automatic right.

> The appointment of counsel for indigent parents in termination proceedings is controlled by 23 Pa.C.S.A. § 2313(a.1), which states, in pertinent part, the following:
>
> (a.1) PARENT.—The court shall appoint counsel for a parent whose rights are subject to termination in an involuntary termination proceeding if, ***upon petition of the parent***, the court determines that the parent is unable to pay for counsel or if payment would result in substantial financial hardship.
>
> (emphasis added.)

***Id.*** at 780.

In ***J.N.F.***, an incarcerated father was served with notice of a termination hearing containing language informing him that he had the right to counsel and instructing him to notify the Family/Orphans' Court Administrator if he could not afford counsel and wished to obtain a court appointed attorney. ***Id.*** The father in ***J.N.F.*** told his caseworker that he wished to contest the termination petition, but failed to request that the trial court appoint counsel. The father failed to appear at the termination hearing and the court entered an order terminating his parental rights. Subsequently, the father in ***J.N.F.*** filed a notice of appeal asserting that the trial court committed an abuse of discretion by failing to appoint him counsel, as the court was aware that he was indigent and intended to contest the termination petition. ***Id.*** at 779, 780. However, because of the

father's failure to petition the trial court for a court-appointed attorney, we determined that the trial court did *not* abuse its discretion by not appointing counsel for the father. **Id.** at 780.

Similar to **J.N.F.**, in the case before us, the notice clearly instructed Father to contact the Lawyer Referral Service if he did not have an attorney or could not afford one. However, Father failed to take any action to obtain counsel prior to the termination hearing.

Based upon our review of the record, we conclude that the trial court's findings and conclusions are supported by the evidence presented and discern no abuse of discretion by the trial court. Accordingly, we affirm the termination of Father's parental rights pursuant to 23 Pa.C.S. §§ 2511(a)(2), (a)(5), (a)(8), and § 2511(b).

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2015