J-A23045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE MATTER OF THE | : | IN THE SUPERIOR COURT OF |
| INVOLUNTARY TERMINATION OF | : | PENNSYLVANIA |
| PARENTAL RIGHTS TO: B.W.E., | : | |
| MINOR | : | |
| | : | |
| APPEAL OF: A.A.P., NATURAL | : | |
| MOTHER | : | No. 293 WDA 2016 |

Appeal from the Decree January 19, 2015,
in the Court of Common Pleas of Venango County,
Orphans' Court at No(s): O.C.D. No. 163-2015

BEFORE: LAZARUS, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                **FILED NOVEMBER 9, 2016**

A.A.P. (Mother) appeals *pro se* from the decree which terminated involuntarily her parental rights to her minor son, B.W.E. (Child), born in February 2009. Upon review, we affirm.

R.J.E., III (Father), and M.L.E. (Stepmother) (collectively, Petitioners) filed a petition for involuntary termination of Mother's parental rights on November 4, 2015. The record indicates that Mother was served personally with the petition on December 2, 2015. After being continued twice, the termination hearing was held on January 19, 2016. Mother did not appear at the hearing. Following the hearing, the court entered its decree

_____

* Retired Senior Judge assigned to the Superior Court.

terminating involuntarily Mother's parental rights to Child. Mother timely filed a notice of appeal on February 18, 2016.[1]

On appeal, Mother argues that she did not receive proper notice of the termination hearing, causing her failure to appear at the hearing and depriving her of due process. Prior to reaching Mother's issue, however, we first determine whether she preserved it properly. Mother did not file a concise statement of errors complained of on appeal contemporaneously with her notice of appeal as required by Pa.R.A.P. 1925(a)(2)(i) (explaining that in children's fast track appeals, "[t]he concise statement of errors complained of on appeal shall be filed and served with the notice of appeal required by Rule 905"); Pa.R.A.P. 905(a)(2) ("If the appeal is a children's fast track appeal, the concise statement of errors complained of on appeal as described in Rule 1925(a)(2) shall be filed with the notice of appeal and served in accordance with Rule 1925(b)(1).").

Notwithstanding the provisions of Rule 1925(a)(2)(i), on February 22, 2016, the trial court directed Mother to file a concise statement of the errors complained of on appeal no later than twenty-one days after entry of the order pursuant to Pa.R.A.P. 1925(b). The trial court then issued an order filed March 3, 2016, explaining that it "bec[a]me aware that the current appeal … is a so-called 'fast track' appeal [which] has special procedural

_____

[1] Despite requesting it, Mother failed to appear for oral argument before this Court.

- 2 -

requirements designed to increase the pace of litigation," including that which is set forth in Rule 1925(a)(2)(i). Order of Court, 3/3/2016, at unnumbered page 1. The court acknowledged that Mother had not complied with Rule 1925(a)(2)(i) and explained that while issuing its February 22, 2016 under "standard 1925 procedure" was "in error, the [c]ourt believe[d] that … revoking that time would be inequitable." ***Id.*** Thus, it allowed Mother to file her concise statement within the timeframe established in the February 22, 2016 order, further explaining that her failure to do so would result in the court's reporting the failure to this Court and would preclude the trial court from writing a responsive opinion. ***Id.***

On April 4, 2016, the trial court issued an order stating that it had not received a concise statement from Mother, despite affording her additional time to file it. Order, 4/4/2016, at unnumbered page 1. The trial court further noted the following:

> [Mother] did file documents with the Clerk of Orphans' Court, in response to the Superior Court's Rule to Show Cause,[2] and included in these documents was the Superior Court of Pennsylvania docketing statement. On page 3 of that docketing statement, in § F.2, "Issues to be raised on appeal," [Mother] has written in:

---

[2] On March 3, 2016, this Court issued an order directing Mother to show cause as to why the appeal should not be dismissed based "[u]pon information received from the trial judge that the transcript has not been ordered and paid for." Order, 3/3/2016. Mother filed a response and, on March 15, 2016, this Court issued an order discharging the rule to show cause on the basis that the transcript had been received. Order, 3/15/2016.

The lower court…err [*sic*] in sending notices of adjournments to [Mother] at 109 Welsh Street, Kane, PA 16735 when [Mother's] address of record was originally filed as 30 Birch St., Kane, PA 16735. [Mother] did not receive notice[s] of adjournment.

While [Mother] appears to raise this issue in the docketing statement, she has nevertheless failed to properly file a concise statement, despite this court having provided her an additional 21 days due to the aforementioned error is [*sic*] issuing the 1925 order. Since all matters not raised in the concise statement are deemed waived by … Pa. R.A.P. 1925, and no matters have been raised as such, the court is constrained to find all matters waived at this point. Since all matters have been waived, no further 1925(a) opinion will be issued by the court in this matter.

*Id.* at unnumbered pages 1-2 (unnecessary capitalization omitted).

This Court has held that "in all children's fast track cases, the failure to file a concise statement of errors complained of on appeal **with** the notice of appeal will result in a defective notice of appeal, to be disposed of on a case by case basis." *In re K.T.E.L.*, 983 A.2d 745, 747 (Pa. Super. 2009) (emphasis in original). Looking at the circumstances herein, Mother has never filed a concise statement. Additionally, the trial court did not author an opinion addressing the issue raised by Mother on appeal.[3] Furthermore,

---

[3] In *J.P. v. S.P.*, 991 A.2d 904 (Pa. Super. 2010), this Court addressed a situation wherein an appellant filed a concise statement, but did not do so contemporaneously with the notice of appeal and did not file it timely in response to a court order issued pursuant to Rule 1925(b). *J.P.*, 991 A.2d at 907-08. This Court declined to find waiver for the violation of Rule 1925(a)(2)(i), but found waiver based on her failure to comply timely with the court order. *Id.* at 908. However, in so doing, it noted that if any one of the procedural steps for providing an appellant with notice of the Rule

*(Footnote Continued Next Page)*

Petitioners have objected to the absence of a concise statement in their appellate brief, arguing that Mother's failure in this regard has waived all issues and that her appeal should be dismissed. Petitioners' Brief at 4.

Based on the foregoing, we conclude that Mother's complete failure to comply with the procedural rules results in waiver of her claim on appeal. *Compare In re K.T.E.L.*, 983 A.2d at 748 (explaining that because mother filed her concise statement "three days after the notice of appeal[, which did not prejudice the other parties; n]either the Philadelphia Department of Human Services … nor the child advocate in this case raised any objection[; m]other … complied with all other procedural requirements pertaining to her appeal;" and in light of the presumed purpose of the new amendments—to expedite the disposition of children's fast track cases," the Court would not quash or dismiss the appeal); *Durning v. Balent/Kurdilla*, 19 A.3d 1125, 1127 (Pa. Super. 2011) (declining to find waiver as a result of mother's

*(Footnote Continued)* _____

1925(b) order is missing, "the appellant's failure to comply with Rule 1925(b) will not result in waiver of the issues raised." *Id.*

Our review of the record in this case reveals that one of the steps of the notice procedure is missing with respect to the February 22, 2016 order directing Mother to file a Rule 1925(b) statement: the prothonotary did not "record in the docket the giving of the notice" of the order. *Id.* Additionally, for what it is worth, the March 3, 2016 order suffers from the same deficiency as the February 22, 2016 order. Thus, we emphasize that our disposition is not dependent upon the fact that Mother failed to file a court-ordered concise statement, but rather based on our evaluation of the circumstances of this case pursuant to *In re K.T.E.L.* in light of Mother's failure to comply with Rule 1925(a)(2)(i).

failure to comply with Rules 905(a)(2) and 1925(a)(2)(i) because the appellee had not raised an objection, the trial court addressed the issues raised in mother's untimely-filed statement, and the Court saw no prejudice to any party); *J.M.R. v. J.M.*, 1 A.3d 902, 906 (Pa. Super. 2010) (declining to find waiver on the basis that father failed to comply with Rule 1925(a)(2)(i) because his untimely-filed statement did not prejudice the parties and "did not impede the trial court's ability to issue a thorough opinion").

As a final point, we observe that in her appellate brief, Mother admits that a concise statement was not filed and explains that this error was "due to her [u]nfamiliarity due to being … *pro se*." Mother's Brief at unnumbered page 3. Mother also points out that, as acknowledged by the trial court, her docketing statement "contained the issue to be appealed." *Id.* However, it is well settled that "[w]hile this court is willing to liberally construe materials filed by a *pro se* litigant, [an] appellant is not entitled to any particular advantage because [s]he lacks legal training."[4] *Rich v. Acrivos*, 815 A.2d

---

[4] A parent whose rights are subject to termination in an involuntary termination proceeding is entitled to appointment of counsel upon petition of the parent and a determination by the court that the parent is unable to pay for counsel or if payment would result in substantial financial hardship. 23 Pa.C.S. § 2313(a.1). "An indigent parent in termination proceedings is likewise entitled to be advised of that right." *In re X.J.*, 105 A.3d 1, 4 (Pa. Super. 2014). Nevertheless, "an indigent parent must petition the trial court for counsel in a termination proceeding. The appointment of counsel is not an automatic right." *In re A.R.*, 125 A.3d 420, 424 (Pa. Super. 2015)
*(Footnote Continued Next Page)*

1106, 1108 (Pa. Super. 2003). Moreover, Mother's including the issue in her docketing statement does not excuse her failure to comply with Rule 1925(a)(2)(i). By the time a docketing statement is filed, the trial court has lost jurisdiction over the case and cannot rectify any errors before appellate review. *See Dixon v. Northwestern Mutual*, __ A.3d __, 2016 WL 4485482, at *5 (Pa. Super. August 25, 2016) (citations omitted) ("The main goal for our waiver rules is to ensure the efficient operation of the judicial system. The first way this goal is accomplished is by ensuring that the trial courts have an opportunity to rectify any errors before appellate review. By the time a docketing statement is filed, however, the trial court has lost jurisdiction and cannot fix any alleged errors."). Permitting Mother to avoid waiver in this manner would detract from the efficiency and expediency the rules were intended to promote. *Id.* Thus, notwithstanding Mother's *pro se* status and the inclusion of her issue in the docketing statement to this Court, we find her issue waived.

Decree affirmed.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

(citation omitted). Our review of the record reveals that the termination petition contained a notice informing Mother of her right to counsel, and there is no indication that Mother petitioned for representation.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/9/2016</u>