J-A26017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF: A.A.P., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: N.G.P., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 503 MDA 2017 |

Appeal from the Decree Entered February 3, 2017
In the Court of Common Pleas of Bradford County Orphans' Court at
No(s):  24 Adopt 2016

| | | |
|---|---|---|
| IN RE: ADOPTION OF: M.M.P., A MINOR  APPEAL OF N.G.P., FATHER: | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 504 MDA 2017 |

Appeal from the Decree Entered February 3, 2017
In the Court of Common Pleas of Bradford County Orphans' Court at
No(s):  25 Adopt 2016

| | | |
|---|---|---|
| IN RE: ADOPTION OF: P.E.P., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: N.G.P., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 505 MDA 2017 |

Appeal from the Decree Entered February 3, 2017
In the Court of Common Pleas of Bradford County Orphans' Court at
No(s):  26 Adopt 2016

BEFORE:  BOWES, OLSON, and RANSOM, JJ.

J-A26017-17

JUDGMENT ORDER BY OLSON, J.:                    **FILED NOVEMBER 14, 2017**

N.G.P. ("Father") appeals *pro se* from the February 3, 2017 decrees terminating his parental rights to his three sons, M.M.P., P.E.P., and A.A.P. (collectively "Children"). We remand for further proceedings consistent with this judgment order.

The procedural history of this case is as follows.[1] On November 4, 2016, Children's mother ("Mother") and step-father filed petitions seeking the involuntary termination of Father's parental rights to Children. On January 12, 2017, the trial court held a termination hearing where Father was represented by counsel. On February 3, 2017, the trial court entered decrees terminating Father's parental rights as to Children. Father filed timely *pro se* notices of appeal.[2]

Father presents six issues for our review:

1. Is there clear and convincing evidence [that Father] relinquished [his] parental claim [to Children]?

2. Is there clear and convincing evidence [Father failed] to perform parental duties?

---

[1] As our disposition is based solely upon the procedural posture of this case, we do not set forth the factual background.

[2] Although the decrees were dated January 27, 2017 and entered on the docket on January 29, 2017, notice pursuant to Pennsylvania Rule of Civil Procedure 236 was not sent until February 3, 2017. The 30-day appeal period does not begin to run until notice is given pursuant to Rule 236. ***Cardwell v. Chrysler Fin. Corp.***, 804 A.2d 18, 23 (Pa. Super. 2002). Thus, Father's March 3, 2017 notices of appeal were timely.

- 2 -

3. Do erroneous statements attested separately by both [Mother and M.M.P.] constitute collusion and attempt to exert undue influence over [M.M.P.'s] answers render the [g]uardian [a]d [l]item report compromised and invalid?

4. Is refusal by [Mother to communicate with Father] reason to believe the [Father relinquished] parental duties?

5. Does the [trial court's] disregard for substantial evidence violate the strict scrutiny guaranteed by the Due Process Clause in the Constitution?

6. Are third-party payments considered valid [child support] payment?

Father's Brief at 2.

Prior to addressing the issues raised in Father's brief, we *sua sponte* consider whether Father was deprived of his constitutional right to counsel in these termination proceedings. It is well-settled that parents have a constitutional right to counsel at all stages of termination of parental rights proceedings. **In re J.T.**, 983 A.2d 771, 774 (Pa. Super. 2009) (citation omitted); **see** 23 Pa.C.S.A. § 2313(a.1). As the failure to appoint counsel in a termination of parental rights case is a structural error, we may raise the issue *sua sponte*. **See In re X.J.**, 105 A.3d 1, 4 (Pa. Super. 2014).

In this case, Father was represented by counsel during the termination proceedings below; however, the trial court did not appoint counsel for this direct appeal. Although a trial court is not required to automatically appoint counsel for direct appeals from the termination of parental rights, **see In re A.R.**, 125 A.3d 420, 424 (Pa. Super. 2015), a trial court must advise a parent of his or her right to counsel for a direct appeal from the termination of his or

her parental rights. ***See In re Adoption of C.A.S.***, 166 A.3d 353, 356 (Pa. Super. 2017) (citation omitted). At oral argument, Father stated that he wished to proceed with counsel before this Court but could not afford an attorney. He also stated that the trial court never informed him of his right to counsel.

The record supports these assertions. The trial court failed to notify Father of his right to counsel on appeal at the conclusion of the termination hearing. Similarly, there is no written notice included in the certified record informing Father of this right. The only notice provided to Father informed him that he had a right to counsel at the termination hearing. Moreover, the trial court failed to notify Father of his right to appellate counsel after Father filed his *pro se* notice of appeal. As such, Father was deprived of his constitutional right to counsel for this direct appeal.

Therefore, we remand this case to the trial court with instructions to appoint Father counsel for this appeal. The Prothonotary of this Court is directed to remit the record in this case to the trial court forthwith. Newly appointed counsel and the trial court shall act in an expeditious manner in filing a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) and issuing a Rule 1925(a) opinion so that this Court may resolve these appeals on the merits in a timely manner.

Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/14/2017