J-S69029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF: M.L.M., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: T.R., NATURAL FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1009 WDA 2017 |

Appeal from the Decree June 9, 2017
In the Court of Common Pleas of Butler County Orphans' Court at No(s):
O.A. 2 of 2017

BEFORE: BOWES, J., RANSOM, J., and STEVENS, P.J.E.*

MEMORANDUM BY RANSOM, J.: **FILED DECEMBER 18, 2017**

T.R. ("Father") appeals from the decree dated June 8, 2017, and entered on June 9, 2017, granting the petition filed by K.A.B. ("Mother"), to involuntarily terminate his parental rights to M.L.M., born in October of 2009 ("Child"), his female child with Mother, pursuant to the Adoption Act, 23 Pa.C.S. § 2511, so that Mother's husband, J.A.B., ("Stepfather") may adopt Child. We vacate and remand.

The trial court set forth the factual background and procedural history of this appeal as follows.

> . . . This case arises out of [Mother's] *Petition to Involuntarily Terminate Parental Rights of the Birth Father*, filed on or about January 19, 2017. Said Petition was filed simultaneously with a *Petition for Adoption*, filed on behalf of [J.A.B.], Step-Father [sic] of [Child].

_____

* Former Justice specially assigned to the Superior Court.

Upon receipt [of] the aforesaid *Petitions*, a hearing was scheduled for April 3, 2017. On or about April 5, 2017, counsel for Natural Mother requested a continuance so as to perfect service of notice of said hearing on [Father]. This [c]ourt granted the request for continuance, and rescheduled the hearing for June 8, 2017. On or about May 1, 2017, an *Affidavit of Personal Service* was filed evidencing that on April 21, 2017, at 10:23 A.M., [A.R.], [Father's mother, ("Paternal Grandmother")], was personally served with the *Petition to Involuntarily Terminate Parental Rights of the Birth Father*, as well as the *Order of Court* under date of March 31, 2017, scheduling the termination hearing. Said service [on Father] was effectuated. . . .

On or about June 8, 2017, at the time set for a hearing on [the termination petition], [Natural Mother] appeared along with her counsel Gail E. Suhr, Esquire. Lynn M. Patterson, Esquire, appeared on behalf of the proposed adoptee, [Child]. [Natural Father] appeared as a Self–Represented Litigant. After consideration of the contents of Natural Mother's Petition. . ., and [the] hearing thereon, [the trial court] issued a Decree Terminating Parental Rights on or about June 8, 2017, which extinguished the parental rights and duties of [Natural Father] relative to [Child].

Trial Court Opinion, 7/25/17, at 1-2.[1]

On July 3, 2017, Father filed, in the trial court, a petition for *in forma pauperis* status and court-appointed counsel, alleging that he was indigent, and attaching supporting documentation of his financial status. On that same date, the trial court granted Father's petition, and appointed Attorney Nicole Thurner-Kievit to represent him on appeal. On July 7, 2017, Father,

---

[1] On March 29, 2017, the trial court appointed Attorney Lynn M. Patterson to represent Child with regard to the termination petition. Attorney Patterson appeared on behalf of Child at the termination hearing, and filed a brief on behalf of Child in this appeal.

through Attorney Kievit, timely filed a notice of appeal and concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b) with regard to the termination decree.

In his brief on appeal, Father raises the following issues:

1. Whether the trial court committed an abuse of discretion and an error of law in proceeding with the hearing to terminate Appellant's parental rights to the Child without Appellant having the benefit of being represented by counsel, thereby violating his due process rights?

2. Whether the trial court committed an error of law in finding that the moving party met her burden of proof pursuant 23 Pa.C.S.A. §2511(a) and, based on that finding, erred in terminating Appellant's parental rights to the Child?

3. Whether the trial court erred when it failed to make findings of fact as to the nature and strength of the bond and relationship of the Child with the parents or guardian?

4. Whether the trial court failed to find that the Guardian Ad Litem failed to fully and faithfully investigate the nature and strength of the bond between Appellant and the Child as well as the developmental, physical, and emotional needs of the Child?

5. Whether the trial court erred when it failed to conduct an analysis of its findings pursuant to 23 Pa.C.S.A. §2511(b) regarding the best interests of the Child, taking into primary consideration the developmental, physical, and emotional needs of the Child?

Father's Brief, at 8-9.

Termination of parental rights is governed by the Adoption Act, 23 Pa.C.S. §§ 2101-2938. In reviewing an appeal from a decree terminating parental rights, we adhere to the following standard:

[A]ppellate courts must apply an abuse of discretion standard when considering a trial court's determination of a

petition for termination of parental rights. As in dependency cases, our standard of review requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. *In re: R.J.T.*, 608 Pa. 9, [19], 9 A.3d 1179, 1190 (Pa. 2010). If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion. *Id.*; *R.I.S.*, [614 Pa. 275, 284,] 36 A.3d 567, 572 (Pa. 2011) (plurality opinion)]. As has been often stated, an abuse of discretion does not result merely because the reviewing court might have reached a different conclusion. *Id.*; *see also Samuel Bassett v. Kia Motors America, Inc.*, 613 Pa. 371[, 455], 34 A.3d 1, 51 (Pa. 2011); *Christianson v. Ely*, [575 Pa. 647, 654-655], 838 A.2d 630, 634 (Pa. 2003). Instead, a decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will. *Id.*

As we discussed in *R.J.T.*, there are clear reasons for applying an abuse of discretion standard of review in these cases. We observed that, unlike trial courts, appellate courts are not equipped to make the fact-specific determinations on a cold record, where the trial judges are observing the parties during the relevant hearing and often presiding over numerous other hearings regarding the child and parents. *R.J.T.*, [608 Pa. at 28-30], 9 A.3d at 1190. Therefore, even where the facts could support an opposite result, as is often the case in dependency and termination cases, an appellate court must resist the urge to second guess the trial court and impose its own credibility determinations and judgment; instead we must defer to the trial judges so long as the factual findings are supported by the record and the court's legal conclusions are not the result of an error of law or an abuse of discretion. *In re Adoption of Atencio*, [539 Pa. 161, 165,] 650 A.2d 1064, 1066 (Pa. 1994).

*In re Adoption of S.P.*, 616 Pa. 309, 325-326, 47 A.3d 817, 826-827 (2012).

The burden is upon the petitioner to prove by clear and convincing evidence that the asserted grounds for seeking the termination of parental rights are valid. *In re R.N.J.*, 985 A.2d 273, 276 (Pa. Super. 2009).

- 4 -

Moreover, we have explained, "[t]he standard of clear and convincing evidence is defined as testimony that is so "clear, direct, weighty and convincing as to enable the trier of fact to come to a clear conviction, without hesitance, of the truth of the precise facts in issue." ***Id.*** (quoting ***In re J.L.C.***, 837 A.2d 1247, 1251 (Pa. Super. 2003)).

This Court may affirm the trial court's decision regarding the termination of parental rights with regard to any one subsection of section 2511(a). ***See In re B.L.W.***, 843 A.2d 380, 384 (Pa. Super. 2004) (*en banc*). We will consider section 2511(a)(1) and (b). Section 2511 provides, in relevant part, as follows:

**§ 2511. Grounds for involuntary termination**

(a) General rule.--The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:

(1) The parent by conduct continuing for a period of at least six months immediately preceding the filing of the petition either has evidenced a settled purpose of relinquishing parental claim to a child or has refused or failed to perform parental duties.

* * *

(b) Other considerations.--The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the child. The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent. With respect to any petition filed pursuant to subsection (a)(1), (6) or (8), the court shall not consider any efforts by the parent to remedy the conditions described therein which are first initiated subsequent to the giving of notice of the filing of the petition.

23 Pa.C.S. § 2511.

First, Father argues that the trial court committed an abuse of discretion and error of law in proceeding with the termination hearing when he did not have the benefit of representation by counsel, in violation of 23 Pa.C.S. § 2313(a.1). *See* Father's Brief, at 12. Father claims that he was not afforded the opportunity to petition for court-appointed counsel, in violation of his due process rights. *Id.* Father requests a new termination hearing with counsel present to represent his interests. *Id.*

The appointment of counsel in involuntary termination proceedings is governed by Section 2313(a.1) of the Act, which provides as follows.

> **(a.1) Parent.--**The court shall appoint counsel for a parent whose rights are subject to termination in an involuntary termination proceeding if, upon petition of the parent, the court determines that the parent is unable to pay for counsel or if payment would result in substantial financial hardship.

23 Pa.C.S. § 2313(a.1).

In *In re Adoption of C.A.S.*, 166 A.3d 353 (Pa. Super. 2017), this Court recently stated as follows:

> Parents in involuntary termination of parental rights proceedings have a constitutional right to counsel. *In re X.J.*, 105 A.3d 1, 4 (Pa. Super. 2014) (citing *In re J.T.*, 983 A.2d 771, 774 (Pa. Super. 2009)). This Court has held that trial courts need not appoint counsel for indigent parents automatically. *In re A.R.*, 125 A.3d 420, 424 (Pa. Super. 2015). However, courts must advise parents of their right to petition for counsel. *X.J.*, 105 A.3d at 4 (citing *In re Adoption of R.I.*, 455 Pa. 29, 312 A.2d 601, 603 (Pa. 1973)). A parent waives his or her right to counsel if he or she is provided with clear instructions on how to petition for counsel, but fails to take action. *See A.R.*, 125 A.3d

- 6 -

at 424 (citing *In re Adoption of J.N.F.,* 887 A.2d 775, 780 (Pa. Super. 2005)).

*In re Adoption of C.A.S.*, 166 A.3d at 356.

Here, the trial court stated the following:

> It is clear that while court appointed counsel is available to indigent parents, said parent must request same by petitioning the [c]ourt. *In re Adoption of J.N.F.*, 887 A.2d 775 (Pa.Super. 2005) (holding that the [c]ourt did not abuse its discretion in failing to appoint counsel where the natural father of the child was incarcerated, did not petition the trial court for court appointed counsel, nor did he attempt to communicate with the pertinent court administration office to determine the procedure to obtain court appointed counsel). Additionally, even upon request of the parent, the appointment of counsel is not guaranteed. *In re: A.R.*, 125 A.3d 420 (Pa.Super. 2015).

> In the instant matter, Appellant did not petition this [c]ourt for court-appointed counsel. Further, on the record, this [c]ourt placed Appellant under oath and colloquied him relative to his right to counsel. *See* Transcript, Involuntary Termination of Parental Rights Proceedings, *In Re: M.L.M.*, June 8, 2017, 3-4. At that time and after having been advised by this [c]ourt that he had a right to counsel, Appellant waived said right. *Id.*

Trial Court Opinion, 7/25/17, at 3-4.

The petition for the termination of Father's parental rights does not include a notice to Father regarding his right to counsel, nor is there any such notice to Father separately filed in the record. The notes of testimony from the termination hearing reflect the following exchange occurred between the court and Father:

> THE COURT: Are you under the influence of any drugs or alcohol today, sir?

> [FATHER]: No.

- 7 -

THE COURT: Do you understand this is the time that's been scheduled for a hearing on a petition to involuntarily terminate your parental rights to [Child]?

[FATHER]: Yes.

THE COURT: Do you understand you have the right to counsel today?

[FATHER]: Yes.

THE COURT: Are you desiring to proceed without counsel?

[FATHER]: Simple man. Can't afford one.

THE COURT: Are you desiring to proceed without counsel?

[FATHER]: Yes.

THE COURT: You're waiving your right to counsel?

[FATHER]: Yes.

N.T., 6/8/17, at 3-4.

Later in the testimony, during the questioning of Father by Mother's counsel, the following exchange occurred between Mother's counsel and Father:

Q [Father], is it true that if you truly wanted to see your daughter, you could have hired an attorney to show up today; isn't that true?

A I guess I could have if I had the money to do so.

Q But you didn't, did you?

A I'm on unemployment right now. I don't have that money.

Q So for the last 18 months, you've had no contact; isn't that true?

A Yeah, I guess it's been about 18 months. If not – I've had no contact with my daughter, correct. I have tried to get in contact with [Mother] and did not.

Q So you could bring the whole family here today. You obviously have transportation to come to a court proceeding; isn't that true?

A Correct.

N.T., 6/8/17, at 14-15.

In *In re J.N.F.*, the notice attached to the termination petition provided as follows:

You have a right to be represented at the hearing by a lawyer; however, it is not necessary to have a lawyer at this hearing. A court-appointed attorney will be assigned to represent you if you cannot afford legal help. The Family/Orphans' Court Administrator will be present at this hearing. She will give you an application for request of a court-appointed attorney. This attorney will represent you at your [termination hearing]. If you have any questions, contact [the Family/Orphans' Court Administrator].

*In re J.N.F.*, 887 A.2d at 780.

This Court found that the father had failed to exercise his right to counsel, reasoning as follows:

The above language was sufficient to communicate to Father the following: (1) if he could not afford an attorney, one would be provided to him upon his request; and (2) he was obliged to communicate with the Family/Orphans' Court Administrator to obtain a court-appointed attorney or to obtain the information necessary regarding the procedure for obtaining a court-appointed attorney. Father did not request a court-appointed attorney, and he did not attempt to communicated with the Family/Orphans' Court Administrator to determine the procedure to obtain a court-appointed attorney. As such, we are satisfied that Father did not petition the trial court for a court-appointed attorney. *See* 23 Pa.C.S. § 2313(a.1) (indigent parent must

- 9 -

petition trial court for counsel in termination proceedings). Consequently, we are satisfied that the trial court did not abuse its discretion by not appointing counsel for Father. As such, Father's argument fails.

*Id.*

In ***In re A.R.***, the petition for the termination of the father's parental rights contained the following notice:

> You are warned that even if you fail to appear at the scheduled hearing, the hearing will go on without you and your rights to your children may be ended by the court without your being present. You have a right to be represented at the hearing by a lawyer. You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.
>
> > Lawyer Referral Service
> > The Allegheny County Bar Association
> > Koppers Building, Suite 1100
> > 436 Seventh Avenue
> > Pittsburgh, PA 15219
> > Telephone: (412) 261-5555

*Id.*, 125 A.3d at 422-423.

In ***In re A.R.***, this Court found that the father had proper notice of the hearing and his right to counsel, and clear notice regarding how to obtain a lawyer if he could not afford one. Thus, we rejected the father's allegation that the trial court abused its discretion by failing to advise him of his right to counsel and proceeding with the termination hearing, despite his request for a continuance to allow him time to obtain counsel. *Id.* This Court likewise rejected the father's contention that the trial court had previously deemed him indigent, and, therefore, should have appointed counsel to

represent him in the termination proceedings, in accordance with 23 Pa.C.S. § 2313(a.1). Citing *In re J.N.F.*, we found that the notice clearly instructed the father to contact the Lawyer Referral Service if he did not have an attorney or could not afford counsel, but he had failed to do so, to his peril. *In re A.R.*, 125 A.3d at 424.

Recently, in *In re Adoption of C.A.S.*, *supra*, this Court found that the father in the termination proceedings had been served with at least five documents providing notice to him of how to seek court-appointed counsel and/or legal assistance. The letter from the petitioners' counsel, and the additional notice of the termination petition and hearing, instructed the father that he should request counsel by completing the enclosed *in forma pauperis* statement, and delivering it to the Clerk of Orphans' Court and Register of Wills for Cambria County. The notice of hearing for the termination petition, the notice required by Act 101 of 2010, and the acknowledgment of notice of voluntary agreement law instructed the father that he should obtain counsel and/or legal assistance by contacting Laurel Legal Services. The panel of this Court stated:

> Of the five sets of instructions that [the father] received from the [petitioners'] counsel, three of them instructed [the father] that he could request counsel and/or legal assistance from Laurel Legal Services. Because it appears that [the father] may have been misled by these conflicting and inaccurate instructions, we cannot find that he waived his right to counsel.
>
> Accordingly, we conclude that the orphans' court erred by failing to continue the termination proceedings so that [the father] could petition for court-appointed counsel. We therefore

- 11 -

vacate the order terminating [the father's] parental rights, and we remand [the] matter to the trial court for a new termination hearing, prior to which the court shall determine whether [the father] continues to qualify for court-appointed counsel, and shall appoint counsel for [the father], if necessary.

*In re Adoption of C.A.S.*, 166 A.3d at 357.

Upon our careful review of the record in the present appeal, we find that the trial court abused its discretion when it determined that Father had waived his right to appointed counsel in this matter. Unlike the situation in *In re Adoption of J.N.F.*, and *In re A.R.*, there is nothing in the record, including the on-record colloquy by the trial court, to suggest that Father received notice of his right to petition for court-appointed counsel based on his purported inability to afford counsel. The lack of any such notice to Father is akin to the father's receipt of the confusing notice in *In re Adoption of C.A.S.* that necessitated this Court's vacation of the termination order and remand to the trial court for further proceedings.

Based on the foregoing, we vacate the decree terminating Father's parental rights. We remand the matter to the trial court for a new termination hearing, prior to which the court shall determine whether Father qualifies for court-appointed counsel, and shall appoint counsel for Father, if necessary.

Decree vacated and remanded for further proceedings, with instructions that, prior to the new termination hearing, the court shall

determine whether Father qualifies for court-appointed counsel, and shall appoint counsel for Father, if necessary. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  12/18/2017