J-S15029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: THE ADOPTION OF K.R.S-P. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: Z.D.P. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1712 WDA 2019 |

Appeal from the Order Dated September 19, 2019
In the Court of Common Pleas of Warren County Orphans' Court at
No(s):  AN-08 of 2019

BEFORE:   BENDER, P.J.E., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 6, 2020**

Appellant, Z.D.P. ("Father"),[1] appeals from the order entered on September 19, 2019, granting the petition filed by K.L.T. ("Mother") and T.S.T. ("Stepfather") to involuntarily terminate Father's parental rights to his minor child, K.R.S-P., ("Child") a female born in December 2010, pursuant to the Adoption Act, 23 Pa.C.S.A. § 2511(a)(1) and (b). On this direct appeal, Father's counsel, Attorney Alan M. Carr ("Counsel"), filed a petition for leave to withdraw as counsel and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), and **In re V.E.**, 611 A.2d 1267, 1275 (Pa. Super. 1992) (extending **Anders** briefing criteria to appeals by indigent parents represented

---

[*] Former Justice specially assigned to the Superior Court.

[1] At all relevant times, Father was incarcerated at the State Correctional Facility in Greene County ("SCI Greene").  To date, he remains imprisoned.

by court-appointed counsel in involuntary termination matters). Upon review,

we grant Counsel leave to withdraw and affirm.

The trial court summarized the facts and procedural history of this case

as follows:

The petitioners, [Mother and Stepfather], filed a petition for [the] involuntary termination of [Father's] parental rights on June 25, 2019. On June 27, 2019, the [trial] court entered a preliminary decree scheduling an evidentiary hearing on the petition for September 19, 2019, and further directed the petitioners to serve upon [F]ather a copy of the preliminary decree, important notice - birth parent, a copy of the petition with all attachments, and the post-adoption contact agreement notice. Service was directed to be made at least ten (10) days prior to [the] hearing and in compliance with 23 Pa.C.S.A. § 2513(b) and [Pennsylvania] Orphans' Court Rule 15.6. On July 22, 2019, counsel for the petitioners filed a certificate of service indicating that [F]ather was served with the above documents at SCI Greene by certified mail, restricted delivery, return receipt requested. The domestic return receipt indicating service on July 10, 2019, was attached to the certificate of service.

[Father] made no contact with the [trial] court requesting [the] appointment of counsel, or for his appearance at the hearing to be coordinated. The hearing occurred as scheduled with [Father] not appearing. At the conclusion of the hearing[,] the [trial] court placed on the record its findings that the petitioners had proven by clear and convincing evidence the grounds for termination set forth in 23 Pa.C.S.A. § 2511(a)(1) and § 2511(b) and entered a decree [involuntarily] terminating [Father's] parental rights [to Child]. On October 3, 2019, [Father] filed a *pro se* document with the [trial] court. The [trial] court deemed this correspondence to be a timely notice of appeal from the [trial] court's decree of September 19, 2019, terminating [Father's] rights, by order dated October 8, 2019. That order also granted [Father] *in forma pauperis* status, appointed [Counsel] to represent [Father] and directed that the court reporter prepare a transcript of the termination hearing.

> Also[,] the [trial] court entered an order [on October 9, 2019,] directing [Counsel] to file a concise statement of [errors] complained of on appeal[.]

Trial Court Opinion, 11/13/2019, at 1-2 (superfluous capitalization omitted).[2]

Before reviewing the merits of this appeal, this Court must first determine whether Counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. *See Commonwealth v. Flowers*, 113 A.3d 1246, 1248–1249 (Pa. Super. 2015) (citation omitted). "In order to withdraw from appellate representation pursuant to *Anders*, certain procedural and substantive requirements must be met." *Commonwealth v. Tejada*, 176 A.3d 355, 358 (Pa. Super. 2017). Procedurally, counsel must,

> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the defendant; and (3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

---

[2] The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on November 13, 2019. In that opinion, the trial court noted that Counsel had not filed a Rule 1925(b) concise statement as directed. However, in an abundance of caution, the trial court addressed the sole issue Father presented in his *pro se* correspondence, which it deemed as Father's notice of appeal. Therein, Father claimed he was not afforded an opportunity to be present, and legally represented, at the termination proceeding. It should be noted that Counsel filed a statement of intent to file an *Anders* brief, pursuant to Pa.R.A.P. 1925(c)(4), with the trial court five days after the trial court issued its Pa.R.A.P. 1925(a) opinion. As will be discussed, however, the sole potential issue in the *Anders* brief currently on appeal is whether the trial court failed to arrange for Father to participate in the termination proceedings. Despite the Rule 1925 procedural anomaly in this case, the trial court's Rule 1925(a) opinion squarely addressed the issue identified in the *Anders* brief and our independent review is unhampered.

- 3 -

*Id.* at 359. Substantively, counsel must file an *Anders* brief, in which counsel:

(1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.

*Commonwealth v. Hankerson*, 118 A.3d 415, 419–420 (Pa. Super. 2015), *quoting Santiago*, 978 A.2d at 361.

In this case, it appears that Counsel has complied with the procedural requirements of *Anders* and its progeny. Counsel filed an *Anders* brief, and corresponding petition to withdraw as counsel, on January 15, 2020. In addition to complying with the briefing requirements set forth in *Santiago*, Counsel provided Father with a letter advising him of his rights, which is attached to the motion to withdraw, as required. *See Tejada*. To date, Father has not filed a *pro se* response to the motion to withdraw as counsel. Based upon the foregoing, we conclude that Counsel has complied with *Anders*' procedural and substantive requirements. "Therefore, we now have the responsibility 'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" *Commonwealth v. Tukhi*, 149 A.3d 881, 886 (Pa. Super. 2016), *quoting Flowers*, 113 A.3d at 1248.

Counsel's *Anders* brief raises the following issue for our review:

Did [Father's] termination of parental rights hearing lack due process, when the [trial c]ourt did not arrange to have [Father]

- 4 -

participate in the termination of parental rights hearing either personally or via videoconference?

*Anders*' Brief at 5.

Our standard of review regarding orders terminating parental rights is as follows:

> When reviewing an appeal from a decree terminating parental rights, we are limited to determining whether the decision of the trial court is supported by competent evidence. Absent an abuse of discretion, an error of law, or insufficient evidentiary support for the trial court's decision, the decree must stand. Where a trial court has granted a petition to involuntarily terminate parental rights, this Court must accord the hearing judge's decision the same deference that we would give to a jury verdict. We must employ a broad, comprehensive review of the record in order to determine whether the trial court's decision is supported by competent evidence.
>
> The trial court is free to believe all, part, or none of the evidence presented and is likewise free to make all credibility determinations and resolve conflicts in the evidence. If competent evidence supports the trial court's findings, we will affirm even if the record could also support the opposite result.

*In re A.R.*, 125 A.3d 420, 422 (Pa. Super. 2015) (internal quotations and citations omitted).

The appointment of counsel for indigent parents in termination proceedings is controlled by 23 Pa.C.S.A § 2313(a.1), which states, in pertinent part:

> (a.1) PARENT.—**The court shall appoint counsel** for a parent whose rights are subject to termination in an involuntary termination proceeding if, **upon petition of the parent**, the court determines that the parent is unable to pay for counsel or if payment would result in substantial financial hardship.

*In re A.R.*, 125 A.3d at 424 (emphasis added), *citing* 23 Pa.C.S.A § 2313(a.1). "The appointment of counsel is not an automatic right." *Id.* An incarcerated, indigent parent is entitled to notice of a termination hearing. *Id.* If that notice informs the parent that they have the right to counsel and includes instructions for notifying the Family/Orphans' Court Administrator to obtain a court-appointed attorney, the parent's subsequent failure to petition the trial court for a court-appointed attorney does not amount to an abuse of trial court discretion for failing to appoint counsel. *Id.*, *citing* **In re Adoption of J.N.F.**, 887 A.2d 775, 780 (Pa. Super. 2005).

Here, Father "has indicated that he believed that the trial court would arrange for him to participate in his termination of parental rights hearing either [in] person or by videoconference." **Anders**' Brief at 7. However, there is no dispute that Father received the following notice:

> A PETITION HAS BEEN FILED ASKING THE COURT TO PUT AN END TO ALL RIGHTS YOU HAVE TO YOUR CHILD, WHOSE NAME APPEARS ON THE CAPTION OF THIS IMPORTANT NOTICE. THE COURT HAS SET A HEARING TO CONSIDER ENDING YOUR RIGHTS TO YOUR CHILD. THAT HEARING WILL BE HELD AS INDICATED IN THE PRELIMINARY DECREE ATTACHED TO THIS NOTICE. YOU ARE WARNED THAT EVEN IF YOU FAIL TO APPEAR AT THE SCHELDUED HEARING, THE HEARING WILL GO ON WITHOUT YOU AND YOUR RIGHTS TO YOUR CHILD MAY BE ENDED BY THE COURT WITHOUT YOUR BEING PRESENT. YOU HAVE A RIGHT TO BE REPRESENTED AT THE HEARING BY A LAWYER. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Court Administrator's Office
WARREN COUNTY COURTHOUSE
204 4TH Avenue
Warren PA 16365
814-728-3400

Trial Court Opinion, 11/13/2019, at 2-3.

The notice clearly instructed Father that a hearing was scheduled and would proceed even in his absence. It also notified him to contact the Court Administrator's Office if he did not have an attorney or could not afford one. Based on our review of the record, we conclude that Father had proper notice of the hearing and his right to counsel, and that he received clear instructions regarding how to obtain a lawyer if he could not afford one. However, Father failed to take any action to obtain counsel prior to the termination hearing or to participate in the hearing.[3] As such, we discern no error or abuse of discretion by the trial court regarding the appointment of counsel for Father

---

[3] Mother testified that Father contacted her from prison after receiving notice of the petition to terminate his rights. N.T., 9/19/2019, at 19. The trial court determined that since Father was able to contact Mother, "[F]ather could have taken steps to contact the court administrator by telephone[.]" Trial Court Opinion, 11/13/2019, at 3. The record supports this finding. Moreover, Father has not complained that he did not receive notice regarding the appointment of counsel or that he tried contacting the court administrator to obtain counsel to no avail or to make arrangements to participate in the hearing.

Finally, we note that because Father did not request counsel or otherwise alert the trial court that he contested the termination proceeding, the trial court was not required to appoint counsel to represent Child. **See** 23 Pa.C.S.A. § 2313(a) ("The court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents.").

- 7 -

or Father's non-participation in the termination hearing and conclude that this issue is frivolous.

Finally, we are required to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous. Termination of parental rights requires a bifurcated analysis:

> Initially, the focus is on the conduct of the parent. The party seeking termination must prove by clear and convincing evidence that the parent's conduct satisfies the statutory grounds for termination delineated in Section 2511(a). Only if the court determines that the parent's conduct warrants termination of his or her parental rights does the court engage in the second part of the analysis pursuant to Section 2511(b): determination of the needs and welfare of the child under the standard of best interests of the child. One major aspect of the needs and welfare analysis concerns the nature and status of the emotional bond between parent and child, with close attention paid to the effect on the child of permanently severing any such bond.

*In re L.M.*, 923 A.2d 505, 511 (Pa. Super. 2007) (citations omitted).

Here, Mother and Stepfather petitioned for the involuntary termination of Father's rights pursuant to 23 Pa.C.S.A. § 2511(a)(1) and (b) of the Adoption Act, which provides, in pertinent part, as follows:

> **(a) General rule.--**The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:

> (1) The parent by conduct continuing for a period of at least six months immediately preceding the filing of the petition either has evidenced a settled purpose of relinquishing parental claim to a child or has refused or failed to perform parental duties.

> \* \* \*

**(b) Other considerations.--**The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the child. The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent. With respect to any petition filed pursuant to subsection (a)(1), (6) or (8), the court shall not consider any efforts by the parent to remedy the conditions described therein which are first initiated subsequent to the giving of notice of the filing of the petition.

23 Pa.C.S.A. § 2511(a)(1) and (b).

In this case, the trial court determined:

[T]he evidence in this case could not have been more persuasive. Even before his incarceration [Father] walked away from all contact and communication with [Child]. He was being afforded periods of visitation by [Mother] and voluntarily ended those. Despite knowing where [Mother] lived and knowing her cell[ular tele]phone number, [F]ather stopped all contact and communication. He provided no support, cards, letters, gifts or anything else to maintain his parental relationship. Well before his incarceration, clear and convincing evidence was presented regarding his settled intent and failure to perform any parental duties. After his incarceration, [Father] made no effort at all to avail himself [of] resources available to maintain the relationship.

The [trial c]ourt also found that the [p]etitioners had met [their] burden of proof under 23 Pa.C.S.A. § 2511(b). […] The [trial] court found that [Father's] prolonged absence left [Child] with no bond or, at best, a negative bond as the result of [Father's] abandonment. On the contrary, the [trial] court found that [Child] had bonded significantly with the petitioner/[S]tep-father and that [her] best interests would be clearly served by the termination of [Father's] rights and adoption by [S]tep-father.

Trial Court Opinion, 11/13/2019, at 5.

Upon review, we discern no error or abuse of discretion by involuntarily terminating Father's parental rights to Child. Mother testified that, aside from

a chance meeting with Father at a store two years prior to the termination hearing, Father did not maintain any contact with Child for over three years prior to the termination hearing. N.T., 9/19/2019, at 11-13. Father was incarcerated in April of 2018. *Id.* at 24. Child does not have photographs or memories of Father. *Id.* at 19. She rarely asks about Father. *Id.* at 18-19. Child has not maintained contact with Father's family. *Id.* at 18. In May of 2015, Mother and Stepfather began cohabiting with Child. *Id.* at 14. Mother and Stepfather were married in January of 2019. *Id.* at 15. Mother and Stepfather have a three-year-old son together. *Id.* at 22. Child has called Stepfather "Dad" for several years. *Id.* at 21-22 and 29. Stepfather views Child as his own daughter. *Id.* at 28-29. Mother and Stepfather intend for Stepfather to adopt Child. *Id.* at 15 and 32.

Based upon the record before us, we also agree with Counsel that Father's issue, as presented in the *Anders* brief, is frivolous. Moreover, the trial court did not commit an abuse of discretion in terminating Father's parental rights. Pursuant to Section 2511(a)(1), Father refused or failed to perform parental duties for well over six months prior to the filing of the petition to terminate Father's rights. The trial court also gave primary consideration to the developmental, physical and emotional needs and welfare of Child under Section 2511(b), concluding that no bond worthy of preservation existed between Father and Child and that termination was in Child's best interest. We have independently reviewed the record and find no other issues of arguable merit that Father could pursue on appeal.

Accordingly, we affirm the trial court order and grant Counsel's petition to withdraw.

Order affirmed. Motion to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2020