J-S28045-17

2017 PA Super 193

IN RE: ADOPTION OF C.A.S., A
MINOR

APPEAL OF: B.A.S, JR., NATURAL
FATHER

: IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
:
: No. 102 WDA 2017

Appeal from the Order Entered December 15, 2016
In the Court of Common Pleas of Cambria County
Orphans' Court at No(s): No. 2016-890 IVT

BEFORE: OLSON, MOULTON, and STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J.:                    **FILED JUNE 21, 2017**

B.A.S., Jr. (Father), appeals from the order entered December 15, 2016, in the Court of Common Pleas of Cambria County, which terminated involuntarily his parental rights to his minor son, C.A.S. (Child). We vacate and remand for further proceedings consistent with this opinion.

We summarize the relevant factual and procedural history of this matter as follows. Child was born in January 2012 to Father and B.N. (Mother). N.T., 12/12/2016, at 15. Father and Mother lived together for approximately three years prior to Child's birth and separated approximately a year and one half after Child's birth. *Id.* According to Mother, she and Father separated as a result of Father's drug use, which included bath salts, heroin, crack cocaine, and pills. *Id.* at 16-17, 33. Meanwhile, Mother began dating J.O. (Boyfriend). *Id.* at 28. Mother and Boyfriend (collectively, the Petitioners) began dating approximately two and one half years prior to the

_____

* Retired Senior Judge assigned to the Superior Court.

termination proceedings, and began living together approximately six months later. *Id.* On September 22, 2016, the Petitioners filed a petition to terminate Father's parental rights involuntarily, along with a report of intention to adopt. The Petitioners averred that Father's parental rights should be terminated so that Boyfriend can adopt Child.

The orphans' court conducted a termination hearing on December 12, 2016. Father appeared at the hearing *pro se*, and requested that the court continue the matter so that he could obtain an attorney. N.T., 12/12/2016, at 4. The court asked the Petitioners' counsel what notice he provided to Father regarding his right to an attorney, and Petitioners' counsel explained that he mailed Father a series of documents, including a "letter indicating that he's receiving paperwork relative to his rights as a parent, he has a right to a free attorney and to contact the Register of Wills if he should desire one." *Id.* at 4-5. Counsel continued, "it expressly says he must file the enclosed *in forma pauperis* statement within ten days of the scheduled date of the hearing and, if he fails to do so, that the court will assume that he waives his rights to request free legal counsel." *Id.* The court reviewed the documents described by the Petitioners' counsel, and asked Father whether he received them. *Id.* at 5-6. Father acknowledged that he did receive the documents, and that he contacted Laurel Legal Services in order to obtain counsel. *Id.* at 6. Father explained, "Laurel Legal called me and said that they couldn't represent me because they don't take custody cases." *Id.* The following discussion then took place.

- 2 -

THE COURT: It says, Dear [Father], you are receiving paperwork relative to your rights as a parent. If you feel that you might qualify for court-appointed counsel at no expense to you to represent you in these proceedings, you must complete and file this financial disclosure form, send it or deliver it to Patty J. Sharbaugh, Clerk of Orphans['] Court, Register of Wills, Cambria County Courthouse, with the address.

[Father]: Yes, sir.

THE COURT: Did you do that?

[Father]: I didn't get that until November 15 is when I signed for it, so I didn't get that until November 15. I called Laurel Legal to see if I could get --.

THE COURT: Okay. Now it didn't tell you to call Laurel Legal. It told you to call the Clerk of Courts Office; right?

[Father]: Well, I figured that's the way --.

THE COURT: Well, that's not right. . . .

*Id.* at 6-7.

Ultimately, the orphans' court denied Father's request for a continuance and proceeded with the termination hearing. *Id.* at 10. On December 15, 2016, the court entered an order terminating Father's parental rights to Child involuntarily. Father timely filed a notice of appeal and concise statement of errors complained of on appeal.[1]

Father now raises the following issues for our review.

---

[1] Father obtained court-appointed counsel on January 9, 2017. Counsel filed Father's notice of appeal and continues to represent him before this Court.

- 3 -

1. Whether the [trial c]ourt erred in proceeding with the hearing to terminate [Father's] parental rights to [Child] without [Father] having the benefit of counsel[?]

2. Whether the [t]rial [c]ourt erred in terminating [Father's] parental rights to [Child], because the Petitioners failed to meet their burden by clear and convincing evidence, including, but not limited to failing to identify how termination of [Father's] parental rights would impact the child[?]

Father's Brief at 3.

We consider Father's issues mindful of our well-settled standard of review.

The standard of review in termination of parental rights cases requires appellate courts to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion. A decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will. The trial court's decision, however, should not be reversed merely because the record would support a different result. We have previously emphasized our deference to trial courts that often have first-hand observations of the parties spanning multiple hearings.

*In re T.S.M.*, 71 A.3d 251, 267 (Pa. 2013) (citations and quotation marks omitted).

In his first issue, Father argues that the orphans' court erred by proceeding with the hearing to terminate his parental rights without providing him with court-appointed counsel. Father's brief at 6-8. Father contends that he has only a seventh grade education, and that he was "not mentally competent to understand his rights to legal counsel[.]" *Id.* at 6.

Further, Father contends that he "did not have sufficient knowledge or comprehension to understand the legal notices to representation which were provided to him." *Id.* at 7-8.

Termination of parental rights is governed by the Adoption Act, 23 Pa.C.S. §§ 2101-2938. The appointment of counsel in involuntary termination proceedings is governed by Section 2313(a.1) of the Act, which provides as follows.

> **(a.1) Parent.--**The court shall appoint counsel for a parent whose rights are subject to termination in an involuntary termination proceeding if, upon petition of the parent, the court determines that the parent is unable to pay for counsel or if payment would result in substantial financial hardship.

23 Pa.C.S. § 2313(a.1).

Parents in involuntary termination proceedings have a constitutionally-protected right to counsel. *In re X.J.*, 105 A.3d 1, 4 (Pa. Super. 2014) (citing *In re J.T.*, 983 A.2d 771, 774 (Pa. Super. 2009)). This Court has held that trial courts need not appoint counsel for indigent parents automatically. *In re A.R.*, 125 A.3d 420, 424 (Pa. Super. 2015). However, courts must advise parents of their right to petition for counsel. *X.J.*, 105 A.3d at 4 (citing *In re Adoption of R.I.*, 312 A.2d 601, 603 (Pa. 1973)). A parent waives his or her right to counsel if he or she is provided with clear instructions on how to petition for counsel, but fails to take action. *A.R.*, 125 A.3d at 424 (citing *In re Adoption of J.N.F.,* 887 A.2d 775 (Pa. Super. 2005)).

The certified record on appeal contains copies of the documents mailed to Father by Petitioners' counsel. The documents are accompanied by a certificate of service, indicating that counsel mailed these documents to Father on November 15, 2016. There are six documents in total, including: a notice of hearing for involuntary termination of parental rights, a notice required by Act 101 of 2010, an acknowledgement of notice of voluntary agreement law, a letter from the Petitioners' counsel advising Father how to obtain counsel, an additional notice advising Father of the termination petition and hearing, and a blank *in forma pauperis* statement along with a blank order granting or denying *in forma pauperis* status.

Each of these documents, with the exception of the *in forma pauperis* statement, includes instructions on how to request court-appointed counsel and/or legal assistance. As observed by the orphans' court, the letter from the Petitioners' counsel and the additional notice of the termination petition and hearing instructed Father that he should request counsel by filling out the enclosed *in forma pauperis* statement and delivering it to the Clerk of Orphans' Court and Register of Wills for Cambria County.

However, the notice of hearing for involuntary termination of parental rights, the notice required by Act 101 of 2010, and the acknowledgement of notice of voluntary agreement law, all instruct Father that he should obtain counsel and/or legal assistance by contacting Laurel Legal Services. For example, the notice of hearing for involuntary termination of parental rights includes the following instructions.

> You have a right to be represented at the hearing by a lawyer. You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.
>
> Laurel Legal Services, Inc.
> 225-227 Franklin Street
> Suite 400, Franklin Center
> Johnstown, PA 15901-2524
>
> Telephone Number: (814) 536-8917

Notice of Hearing for Involuntary Termination of Parental Rights (attached to Certificate of Service), 11/18/2016 (unnecessary capitalization omitted).

As explained above, parents have a constitutionally-protected right to counsel in involuntary termination proceedings. Trial courts must ensure that parents are advised of their right to counsel and are provided with clear instructions on how to petition for counsel. *See A.R.*, 125 A.3d at 424. Of the five sets of instructions that Father received from the Petitioner's counsel, three of them instructed Father that he should request counsel and/or legal assistance from Laurel Legal Services. Because it appears that Father may have been misled by these conflicting and inaccurate instructions, we cannot find that he waived his right to counsel.

Accordingly, we conclude that the orphans' court erred by failing to continue the termination proceedings so that Father could petition for court-appointed counsel. We therefore vacate the order terminating Father's parental rights, and we remand this matter to the court for a new termination hearing, prior to which the court shall determine whether Father

continues to qualify for court-appointed counsel, and shall appoint counsel for Father if necessary.[2]

Order vacated. Case remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/21/2017

---

[2] Because Father's first issue requires that we vacate the order terminating his parental rights, we need not address his second issue.