J-S62011-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: S.U., A MINOR, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| APPEAL OF: R.U., FATHER | : | No. 888 MDA 2017 |

Appeal from the Order Entered May 4, 2017
in the Court of Common Pleas of Lancaster County,
Juvenile Division at No(s): CP-36-DP-0000083-2017

BEFORE:  STABILE, MOULTON, and STRASSBURGER,* JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.: **FILED DECEMBER 29, 2017**

I am cognizant of the importance of the constitutionally-protected right to counsel in involuntary termination proceedings.  ***See In re J.T.,*** 983 A.2d 771, 774 (Pa. Super. 2009) ("The unique nature of parental termination cases has long been recognized by the Supreme Court of Pennsylvania. Thus, ***In re Adoption of R.I.,*** [312 A.2d 601 (Pa. 1973)], the Supreme Court held that an indigent parent in a termination of parental rights case has a constitutional right to counsel.").  However,

> [t]his Court has held that trial courts need not appoint counsel for indigent parents automatically.  [C]ourts must advise parents of their right to petition for counsel.  A parent waives his or her right to counsel if he or she is provided with clear instructions on how to petition for counsel, but fails to take action.

---

* Retired Senior Judge assigned to the Superior Court.

*In re Adoption of C.A.S.*, 166 A.3d 353, 356 (Pa. Super. 2017) (citations omitted). *See also In re X.J.*, 105 A.3d 1, 4-5 (Pa. Super. 2014) ("[T]his Court held, consistent with the text of [subs]ection 2313(a.1)[1], that the parent must request a court-appointed attorney once notified of the requirement to do so.").

Here, following the Agency's petition for temporary custody of Child, the trial court entered an order on April 12, 2017, which granted the Agency's petition and set a date for the shelter hearing. Order, 4/12/2017. Additionally, the order appointed counsel for Mother and Father. Notably, the order specifically stated that the appointment of counsel was for "the above hearing only." *Id.* Attached to the order was a notice which stated in pertinent part:

> THE LAWYER APPOINTED FOR YOU WILL REPRESENT YOU, WITHOUT CHARGE, <u>ONLY AT THE FIRST SCHEDULED HEARING.</u> THIS LAWYER HAS BEEN PROVIDED A COPY OF THIS PETITION AND WILL BE PRESENT AT THE HEARING. IT IS YOUR RESPONSIBILITY TO CONTACT THE LAWYER PRIOR TO THE HEARING.
>
> IF YOU WISH TO HAVE A LAWYER <u>AFTER</u> THE FIRST HEARING, AND CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Notice, 4/12/2017 (emphasis in original).
………

---

[1] "The court shall appoint counsel for a parent whose rights are subject to termination in an involuntary termination proceeding if, upon petition of the parent, the court determines that the parent is unable to pay for counsel or if payment would result in substantial financial hardship." 23 Pa.C.S. § 2313(a.1).

Following a continuance requested by the Agency,[2] a shelter hearing was held on April 18, 2017. Although no transcript of the hearing was included in the certified record, it appears neither parent was present at the hearing. Shelter Care Order, 5/1/2017, at 1. Thus, based upon Father's failure to appear, and counsel's limited appointment, the trial court allowed Father's attorney to withdraw her appearance as counsel. Shelter Care Order Attachment, 5/1/2017. The attachment advising Father that counsel had withdrawn also directed Father "to make an appointment and re-qualify for counsel at the Office of Bail Administration for the next hearing scheduled in this matter if [he] wishes to have counsel represent [him] at said hearing." *Id.*

Despite being served with this order and attachment, Father, who remained unrepresented, did not appear at the dependency hearing. N.T., 5/2/2017, at 3. Based upon the foregoing, the Majority, *sua sponte* concludes the trial court erred when it failed to "ascertain whether [Father] was aware of his right to counsel, and whether he was aware that the court would provide counsel for him if he could not afford counsel on his own." Majority Memorandum, at 7. In finding as such, the Majority concludes, *inter alia*, that "written notice of his right to counsel, including instructions on how to obtain

---

[2] The order continuing the shelter hearing included, *inter alia*, a notice regarding the appointment of counsel. Notice of Hearing, 4/13/2017.

counsel" did not satisfy the requirements of the Juvenile Act. *Id.* at 8. I disagree.

This Court's decision in *In re Adoption of J.N.F.,* is instructive. In *J.N.F.*, father, who was incarcerated at the time, was not present at the termination hearing, nor was he represented by counsel. 887 A.2d 775, 778 (Pa. Super. 2005). On appeal, father argued the trial court erred when it failed to appoint counsel despite being aware that father was incarcerated, indigent, and was contesting the termination of his parental rights. *Id.* at 779. Upon review of the record, this Court held that a notice provided in the original termination petition

> was sufficient to communicate to [f]ather the following: (1) if he could not afford an attorney, one would be provided to him upon his request; and (2) he was obliged to communicate with the Family/Orphans' Court Administrator to obtain a court-appointed attorney or to obtain the information necessary regarding the procedure for obtaining a court-appointed attorney. Father did not request a court-appointed attorney, and he did not attempt to communicate with the Family/Orphans' Court Administrator to determine the procedure to obtain a court-appointed attorney. As such, we are satisfied that [f]ather did not petition the trial court for a court-appointed attorney. *See* 23 Pa.C.S.[] § 2313(a.1) (indigent parent must petition trial court for counsel in termination proceedings). Consequently, we are satisfied that the trial court did not abuse its discretion by not appointing counsel for [f]ather.

*Id.* at 780.

Here, I believe Father was provided with ample notice on how to petition the trial court for court-appointed counsel. Consequently, based upon our

case law, I do not find that the trial court abused its discretion in conducting the dependency hearing despite Father's absence.[3]  Accordingly, I dissent.

---

[3] Furthermore, I am concerned by the potential effects that the Majority's disposition may produce.  Is a trial court obligated to hold the disposition of a child's dependency in abeyance until a parent, who is provided sufficient notice of hearings, chooses to attend a court proceeding in which the trial court may then be able to discern whether the parent is aware of his right to counsel?