J-S56031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: INVOLUNTARY TERMINATION OF PARENTAL RIGHTS TO B.J.V., A MINOR | : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: J.V., MOTHER | : | No. 172 MDA 2018 |

Appeal from the Decree Entered September 28, 2017
in the Court of Common Pleas of Schuylkill County
Orphans' Court at No(s):  A63-184A-17

| | | |
|---|---|---|
| IN RE: INVOLUNTARY TERMINATION OF PARENTAL RIGHTS TO J.M.V., A MINOR | : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: J.V., MOTHER | : | No. 186 MDA 2018 |

Appeal from the Decree September 28, 2017
in the Court of Common Pleas of Schuylkill County
Orphans' Court at No(s):  A-63-181A-17

IN RE: INVOLUNTARY TERMINATION OF PARENTAL RIGHTS TO A.M.V., A MINOR

: IN THE SUPERIOR COURT OF PENNSYLVANIA

APPEAL OF: J.V., MOTHER : No. 187 MDA 2018

Appeal from the Decree September 28, 2017
in the Court of Common Pleas of Schuylkill County
Orphans' Court at No(s): A-63-182A-17

IN RE: INVOLUNTARY TERMINATION OF PARENTAL RIGHTS TO L.A.V., A MINOR

: IN THE SUPERIOR COURT OF PENNSYLVANIA

APPEAL OF: J.V., MOTHER : No. 188 MDA 2018

Appeal from the Decree Entered September 28, 2017
in the Court of Common Pleas of Schuylkill County
Orphans' Court at No(s): A63-183A-17

BEFORE: GANTMAN, P.J., KUNSELMAN, J., and MUSMANNO, J.

JUDGMENT ORDER BY MUSMANNO, J.: **FILED NOVEMBER 20, 2018**

J.V. ("Mother") appeals from the Decrees granting the Petitions filed by the Schuylkill County Children and Youth Services ("CYS"), and involuntarily terminating Mother's parental rights to her sons, B.J.V. (born September 2007) and A.M.V. (born May 2016), and her daughters, J.M.V. (born April

- 2 -

2010) and L.A.V. (born April 2012) (collectively "the Children"), pursuant to the Adoption Act, 23 Pa.C.S.A. § 2511.[1]

On March 13, 2017, CYS filed Petitions to involuntarily terminate Mother's parental rights to the Children. On September 28, 2017, the Orphans' Court entered Decrees involuntarily terminating Mother's parental rights to the Children. Mother, acting *pro se*, filed timely appeals of the Decrees. Mother's counsel subsequently withdrew from representation. On March 28, 2018, the Orphans' Court appointed substitute counsel for Mother.[2] On April 30, 2018, counsel filed an "Advocate's Statement" indicating that after a thorough review of the entire record, counsel could not identify any issues of arguable merit, and that counsel intended to file an "Advocate's Brief" in this Court. *See* Pa.R.A.P. 1925(c)(4) (providing that "in a criminal case, counsel may file of record and serve on the judge a statement of intent to file a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), in lieu of filing a Statement."); ***see also In re J.T.***, 983 A.2d 771, 774 (Pa. Super.

---

[1] The parental rights of the Children's father, W.M.V. ("Father"), also were terminated. Father is not a party to this appeal, nor has Father filed his own appeal.

[2] On January 18, 2018, the Orphans' Court permitted Mother's prior counsel to withdraw from representation. On appeal, however, this Court remanded to the Orphans' Court for an on-the-record determination of whether Mother wished to proceed *pro se*, or for the appointment of new counsel for Mother. ***See In re Adoption of C.A.S.***, 166 A.3d 353, 356 (Pa. Super. 2017) (recognizing that "[p]arents in involuntary termination proceedings have a constitutionally-protected right to counsel.").

2009) (applying **Anders** procedure and Pa.R.A.P. 1925(c)(4) to appeals involving termination of parental rights).

Mother's counsel subsequently filed an "Advocate's Brief" in this Court suggesting that the Orphans' Court did not err by involuntarily terminating Mother's parental rights. Thus, it appears that Mother's counsel intended to submit a brief pursuant to **Anders** and its progeny. However, pursuant to **Anders** and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), when counsel determines, after a conscientious review of the record, that there are no non-frivolous issues for review, counsel must (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise her of her right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago**, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa. Super. 2007).

Consequently, we direct Mother's counsel to file with this Court a proper motion to withdraw. The motion to withdraw must include a copy of counsel's letter to Mother enclosing the brief filed by counsel, and fully advising Mother of her rights to proceed *pro se* or with newly retained counsel. Counsel has

seven (7) days from the filing date of this Judgment Order to comply with this directive.

Superior Court jurisdiction retained.