J-A23027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: B.T.C., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: S.C., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 843 MDA 2022 |

Appeal from the Decree Entered May 10, 2022
In the Court of Common Pleas of York County Orphans' Court at No(s):
2022-0052a

BEFORE:   BOWES, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 30, 2022**

S.C. ("Mother") appeals from the decree involuntarily terminating her parental rights to her child, B.T.C., born in March 2018. Mother's counsel has filed a petition to withdraw and brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).[1] We deny counsel's petition to withdraw, vacate the decree, and remand for proceedings consistent with this memorandum.

We provide the following background. T.H. ("Father") was awarded custody of B.T.C. when he was three months old. Since then, B.T.C. has lived with Father and D.H. ("Stepmother"). In September 2018, Mother was

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The principles set forth in ***Anders v. California***, 386 U.S. 738 (1967) apply to appeals involving the termination of parental rights. ***See In re V.E.***, 611 A.2d 1267, 1275 (Pa.Super. 1992).

granted supervised partial physical custody of B.T.C. Mother last visited with B.T.C. on April 13, 2021, and has had no contact with him since then.

On March 4, 2022, Father and Stepmother brought the instant petition to terminate Mother's parental rights to B.T.C. pursuant to 23 Pa.C.S. § 2511(a)(1). Simultaneously, Father and Stepmother filed a petition for adoption. The orphans' court held a hearing on the petitions on May 9, 2022.[2] Father and Stepmother testified. Mother was not represented by counsel at the hearing. She declined the opportunity to cross-examine Father and Stepmother but testified on her own behalf. At the conclusion of the hearing, the court granted the petition to terminate Mother's rights. Thereafter, Mother sought the appointment of counsel for purposes of appealing the termination decree. Counsel was appointed and this timely appeal followed. Both Mother and the orphans' court complied with Pa.R.A.P. 1925.

Preliminarily, we must review counsel's compliance with the requirements of **Anders** and **Santiago**. In order to withdraw, counsel must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and

---

[2] The orphans' court appointed legal counsel to represent B.T.C. We note with displeasure that counsel did not file a brief in this Court.

- 2 -

> (4)    state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*In re Adoption of M.C.F.*, 230 A.3d 1217, 1219 (Pa.Super. 2020) (cleaned up).  Counsel must provide to her client a copy of the *Anders* brief.  *See In re X.J.*, 105 A.3d 1, 4 (Pa.Super. 2014) (cleaned up).  Along with the brief, counsel must also provide a letter that advises the client of her immediate "right to:  (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that [she] deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Id*. (cleaned up).

Failure to comply with these requirements will result in this Court denying the petition to withdraw and remanding for counsel to file either an advocate's brief or compliant petition to withdraw and *Anders* brief.  If counsel complies with the above-mentioned technical requirements, "we will then undertake our own review of the appeal to determine if it is wholly frivolous." *In re Adoption of M.C.F.*. *supra* at 1219 (citation omitted).  We will grant counsel's petition to withdraw and affirm the decree should we agree with counsel's assessment of the identified issues and conclude, after conducting "a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated[,]" that the appeal is frivolous  *Id*. (cleaned up).  However, if we find non-frivolous issues in the course of our review, we will

deny the petition and remand for counsel to file an advocate's brief as to those issues. *Id*. (citation omitted).

In the instant matter, we conclude that counsel has complied with the technical requirements of *Anders*. We therefore turn to our independent review of the record and the issue presented on Mother's behalf. Counsel raises a single potential issue: "Whether the court erred as a matter of law and/or abused its discretion by granting a termination of Mother's parental rights pursuant to 23 Pa.C.S. [§] 2511(a)(1)." *Anders* brief at 4. Since that review has revealed a non-frivolous, dispositive issue pertaining to Mother's representation during the termination proceedings below, we begin and end our discussion with that matter.

Mother had a constitutionally-protected right to counsel in the termination proceedings. *See In re Adoption of C.A.S.*, 166 A.3d 353, 356 (Pa.Super. 2017).

> This Court has held that trial courts need not appoint counsel for indigent parents automatically. However, courts must advise parents of their right to petition for counsel. A parent waives his or her right to counsel is he or she is provided with clear instructions on how to petition for counsel, but fails to take action.

*Id*. (cleaned up).

Mother was not represented by counsel at the termination hearing. In its Rule 1925(a) opinion, the orphans' court stated that "at no point prior to or during the hearing did [Mother] request court appointed counsel." Orphans' Court Opinion, 6/16/22, at 1-2 (unnumbered). However, upon review of the certified record, there is no indication that Mother was **notified** of her right to

- 4 -

counsel for the involuntary termination proceedings.  Mother was not advised of her right to counsel in the termination petition, the scheduling orders, or at the beginning of the termination hearing.  Therefore, we cannot conclude based on the record before us that she waived her right to counsel during the underlying termination proceedings.

Given this non-frivolous issue, we deny counsel's petition to withdraw.  While we do not wish to prolong the underlying matter, we cannot review the propriety of the termination of Mother's parental rights if she was denied her constitutional right to counsel in those proceedings.  Accordingly, we vacate the decree terminating Mother's parental rights.  Upon remand, the orphans' court shall conduct a hearing to determine whether Mother was advised of her right to counsel.  If the court determines that Mother was notified of her right to counsel, the orphans' court may reenter the same decree terminating Mother's parental rights.  If Mother was not advised of her right to counsel, Mother may choose to exercise that right or waive it.  If Mother chooses to exercise her right to counsel, the orphans' court shall conduct a new termination hearing.  However, if Mother chooses to waive her right to counsel, the orphans' court may reenter the same decree without conducting a new termination hearing.

Petition to withdraw denied. Decree vacated without prejudice to permit the orphans' court to reenter the original decree if a new termination hearing is not held. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

*Joseph D. Seletyn, Esq.*
Prothonotary

Date: 11/30/2022