J-S24004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF A.J.L., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: A.W.L., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 145 WDA 2025 |

Appeal from the Order Entered January 9, 2025
In the Court of Common Pleas of Washington County Orphans' Court at
No(s): OC-2024-00893

| | | |
|---|---|---|
| IN RE: ADOPTION OF M.L., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: A.W.L., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 256 WDA 2025 |

Appeal from the Order Entered January 9, 2025
In the Court of Common Pleas of Washington County Orphans' Court at
No(s): OC-2024-00890

| | | |
|---|---|---|
| IN RE: ADOPTION OF I.L., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: A.W.L., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 257 WDA 2025 |

Appeal from the Order Entered January 9, 2025
In the Court of Common Pleas of Washington County Orphans' Court at
No(s): OC-2024-00891

| | | |
|---|---|---|
| IN RE:  ADOPTION OF A.L., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

```
                                    :
   APPEAL OF:  A.W.L., FATHER       :
                                    :
                                    :
                                    :
                                    :
                                    :
                                    :   No. 258 WDA 2025
```

Appeal from the Order Entered January 9, 2025
In the Court of Common Pleas of Washington County Orphans' Court at
No(s):  OC-2024-00892

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: December 3, 2025**

Appellant A.W.L. (Father) appeals from the orders granting the petition filed by Washington County Children and Youth Social Service (the Agency) and involuntarily terminating Father's and K.A.L.'s (Mother) parental rights to A.J.L.,[1] A.L., M.L., and I.L. (collectively, Children), four minor children aged twelve to six years old respectively at the time of order entry.[2, 3]  After careful review, we are constrained to vacate and remand with instructions.

---

[1] We note that the initials "A.J.L." do not appear to correctly reference this child's actual name.  For purposes of this appeal, we note that "A.J.L." denotes the oldest child in these consolidated appeals, born in December of 2011, and the subject child at Docket No. O.C. 2024-0893.

[2] Mother's parental rights to Children were terminated on the same date within the same orders.  Mother filed separate appeals from the termination orders, which we address in a separate memorandum.

[3] Father filed a single notice of appeal, listing all four trial court docket numbers, on February 5, 2025, which appeal was docketed at 145 WDA 2025. This Court directed Father to file amended notices of appeal and Father complied, and we subsequently designated the original docket, 145 WDA 2025, as the appeal concerning A.L., and issued additional docket numbers
*(Footnote Continued Next Page)*

By way of background, the Agency removed Children from the care of Father and Mother and placed them in foster care on March 31, 2022. **See** Trial Ct. Order & Op., 1/9/25, at 3.[4]  Children were adjudicated dependent on June 7, 2022.  **Id.**  On April 4, 2024, the Agency requested to change Children's dependency goals from reunification to adoption, which was subsequently granted at a permanency review hearing attended by Father and Mother on May 3, 2024.  **Id.** at 4; **see also** Trial Ct. Order, 5/3/24, at 2. Within the same permanency review order, the trial court also directed that "[a] permanency review hearing shall be scheduled on August 21, 2024 . . . in front of hearing officer Erin Dickerson."  Trial Ct. Order, 5/3/24, at 5 (some formatting altered).  No order related to any type of dependency proceeding on August 21, 2024 appears in the certified record for this matter.  However, the record establishes that on August 21, 2024, the trial court conducted an

_____

for the appeals concerning the other children as follows: 256 WDA 2025 for M.L., 257 WDA 2025 for I.L., and 258 WDA 2025 for A.J.L. This Court consolidated Father's four appeals *sua sponte* on March 21, 2025. **See** Order, 3/21/25.

[4] As the certified records for these consolidated appeals each contain certain trial court orders that are identical or substantially identical for all four cases, unless otherwise indicated the orders referenced herein convey the same directive(s) for the four cases at docket numbers OC-2024-00893, OC-2024-00892, OC-2024-00891, and OC-2024-00890.

*in camera* interview with all four Children, attended by Jessica Johnson, Esq., the guardian *ad litem* (GAL) for Children.[5, 6]

On June 11, 2024, the Agency filed petitions to involuntarily terminate Father's and Mother's parental rights to Children pursuant to 23 Pa.C.S. §§ 2511(a)(1), (a)(2), (a)(5), (a)(8) and (b).  **See** Trial Ct. Order & Op., 1/9/25, at 4, 6.  On that same date, the trial court appointed Attorney Johnson as Children's GAL in the termination of parental rights (TPR) proceedings and, further, appointed legal counsel for Father and Mother; appointed Benita Thompson, Esq., to represent A.J.L.; and appointed Nicholas Logan, Esq., to represent A.L.  **See** Docket Nos. OC-2024-00893, OC-2024-00892, OC-2024-00891, and OC-2024-00890, Trial Ct. Orders, 6/11/24.  The trial court amended the appointment of counsel for A.L. to Christine Guthrie, Esq., on June 17, 2024.  **See** Docket No. OC-2024-00892, Trial Ct. Order, 6/17/24.

---

[5] The transcript of the trial court's *in camera* interview with Children on August 21, 2024 was not included in the certified record.  Because the trial court cited to the transcript in its opinion and Mother's claims relate directly to this *in camera* proceeding, we directed the parties to supplement the record with "the notes of testimony from that hearing and any relevant order(s)."  Order, 8/8/25.  The trial court supplemented the certified record with the transcript of the *in camera* interview and we note that the transcript was filed with the trial court on August 21, 2025.  **See** N.T., 8/21/24.

[6] The record refers to the attorney who served as Children's GAL both as "Jessica Roberts, Esq." and "Jessica Johnson, Esq." **See**, **e.g.**, N.T., 8/21/24, at 1, 21; N.T., 9/24/24, at 2, 5; Trial Ct. Orders, 6/11/24.  The certified docket and the certificate of service for the trial court opinion filed January 9, 2025 refer to Children's GAL as "Jessica Johnson, Esq."  We refer to "Jessica Johnson, Esq." herein based on the most recent references to the name of Children's GAL.

The trial court did not appoint legal counsel for M.L. and I.L. in these series of orders. In the June 11, 2024 order for M.L.'s TPR case, immediately below the three lines of text appointing counsel for Mother and Father and a GAL for M.L., appears the text: "Legal Counsel for the Minor Child: _____." **See**, Docket No. OC-2024-00890, Trial Ct. Order, 6/11/24. In the June 11, 2024 order for I.L.'s TPR case, immediately below the lines of text appointing counsel for Mother and Father and a GAL for I.L. appears the text, "Legal Counsel for the Minor Child: N/A." **See**, Docket No. OC-2024-00891, Trial Ct. Order, 6/11/24.

On September 24, 2024, the trial court held a full hearing on Agency's TPR petitions. At the TPR hearing, Father was represented by Mark Adams, Esq., Attorney Johnson appeared as GAL, Attorney Thompson represented A.J.L., and Attorney Guthrie represented A.L. **See** N.T., 9/24/24, at 5. Further, the trial court noted at the outset of the hearing that "Guardian *ad litem* is Jessica Johnson. Child counsel for A.J.L. . . . is Benita Thompson. Child counsel for A.L. is Christine Guthrie." **Id.** at 5 (some formatting altered). The trial court heard from Agency's witnesses and from Mother, while Father declined to testify. **See id.** at 3, 184-185.

On January 9, 2025, the trial court entered an order and opinion terminating Father's and Mother's parental rights to Children. In the accompanying opinion, the trial court concluded that the Agency had established grounds for termination at 23 Pa.C.S. §§ 2511(a)(2), (a)(5), and (a)(8) and that termination would best serve Children's needs and welfare

- 5 -

under Section 2511(b). **See** Trial Ct. Order & Op., 1/9/25, at 6-31. The trial court also stated that Children expressed, "that they feel happy, comfortable and safe in their current home as well as a desire to continue living with [their foster parents] and to stay where they are." **Id.** at 30 (citing to N.T., 8/21/24).

Father filed a timely notice of appeal and both Father and the trial court complied with Pa.R.A.P. 1925.[7]

On appeal, Father raises the following claims:

1. Did the trial court abuse its discretion and/or err as a matter of law in concluding that [the Agency] met its burden by providing by clear and convincing evidence that termination of Father's parental rights would bests serve the needs and welfare of [] Children pursuant to 23 Pa.C.S.[] §[§] 2511(a)(2), (a)(5), and (a)( 8)?

2. Did the trial court abuse its discretion and/or err a[s a] matter of law in concluding that [the Agency] met its burden by proving by clear and convincing evidence that termination of [Father's] parental rights would best serve the needs and welfare of [] Children pursuant to 23 Pa.C.S[]. § 2511(b)?

Father's Brief at 10 (some formatting altered).

Before reaching the merits of Father's claims, we must address the parties' right to counsel in the below proceedings. **See In re Adoption of K.M.G.**, 240 A.3d 1218, 1224, 1235-36 (Pa. 2020) (holding that appellate courts should review *sua sponte* whether the trial court appointed counsel to

---

[7] The trial court asked this Court to consider its order and opinion entered January 9, 2025 as its Rule 1925(a) opinion. **See** Trial Ct. Order, 2/12/25.

represent a child's legal interests in TPR proceedings and, in the event that one attorney was appointed to represent a child's best interests as well as legal interests, whether the trial court determined that there was no conflict between these interests prior to making the appointment); *see also In re H.H.N.*, 296 A.3d 1258, 1264 (Pa. Super. 2023) (same).

The Juvenile Act provides for the appointment of counsel for both children and parents during dependency proceedings. *See* 42 Pa.C.S. §§ 6311 (providing for appointment of guardian *ad litem* for child in dependency proceedings), 6337 (providing for appointment of legal counsel for parties in dependency proceedings), 6337.1(a) (providing for appointment of legal counsel for child in dependency proceedings).

Further, the Adoption Act provides that following the filing of a TPR petition:

> [t]he court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents. The court may appoint counsel or a guardian *ad litem* to represent any child who has not reached the age of 18 years and is subject to any other proceeding under this part whenever it is in the best interests of the child. No attorney or law firm shall represent both the child and the adopting parent or parents.

23 Pa.C.S. § 2313(a); *see also id.* § 2313(a.1) (providing for appointment of counsel for parent in TPR proceedings).

Addressing a child's right to counsel pursuant to Section 2313(a), our Supreme Court has recognized that where "a child's legal interests conflict with the child's best interests, those interests must be represented by

separate individuals during the termination proceedings to ensure that the child's legal interests are presented to the [trial] court." **K.M.G.**, 240 A.3d at 1234 (footnotes omitted); **see also id.** at 1236 (concluding that "a single attorney cannot represent a child's best and legal interest if those interests conflict" (citing **In re T.S.**, 192 A.3d 1080, 1082 (Pa. 2018)).

Specifically, the **K.M.G.** Court explained that

[w]here a [trial] court has appointed a GAL/Counsel to represent both the child's best interests and legal interests, appellate courts should review *sua sponte* whether the [trial] court made a determination that those interests did not conflict. . . .

[T]he [trial] court must determine whether counsel can represent the dual interests before appointing an individual to serve as GAL/Counsel for a child. . . . [A]ppellate courts should verify that the [trial] court indicated that the attorney could represent the child's best interests and legal interests without conflict. . . .

[This] *sua sponte* review evaluate[s] (1) whether the [trial] court appointed counsel to represent the legal interests of the child[] and[,] (2) if the appointed counsel also serves as GAL, whether the [trial] court determined that the child's best interests and legal interests did not conflict.

**Id.** at 1235-36 (citation omitted).

A trial court's failure to "appoint an attorney to represent the child's legal interests, *i.e.,* the child's preferred outcome, . . . constitutes structural error in the termination proceedings." **Id.** at 1224 (citing **T.S.**, 192 A.3d at 1082); **see also In re L.B.M.**, 161 A.3d 172, 183 (Pa. 2017); **In re Adoption of A.C.M.**, 333 A.3d 704, 708 (Pa. Super. 2025). Our Supreme Court determined that the appropriate remedy for such error is to remand for a new

proceeding in which the child is represented by legal counsel. ***See L.B.M.***, 161 A.3d at 183; ***see also A.C.M.***, 333 A.3d at 708-09.[8]

In ***In re Adoption of C.A.S.***, 166 A.3d 353 (Pa. Super. 2017), this Court held that, pursuant to 23 Pa.C.S. § 2313(a.1), "[p]arents in involuntary termination proceedings have a constitutionally-protected right to counsel" and, accordingly, vacated that TPR order and remanded for a new hearing because the trial court "erred by failing to continue the termination proceedings so that [the father] could petition for court-appointed counsel." ***C.A.S.***, 166 A.3d at 356-57 (citations omitted).

The Rules of Juvenile Court Procedure direct that *in camera* proceedings in matters involving juveniles "be recorded and each party's attorney shall be present." Pa.R.J.C.P. 1134. In ***In re J.F.***, 308 A.3d 1252 (Pa. Super. 2024), this Court noted that "parties in dependency proceedings are entitled to representation by legal counsel at all stages of any proceedings as a matter of statutory law[,]" and held that it was error to hold an *in camera* interview with a dependent child "without [the child's] attorneys present." ***J.F.***, 308 A.3d at 1257, 1259 (citing 42 Pa.C.S. §§ 6337, 6337.1) (some formatting altered). The ***J.F.*** Court explained that the exclusion of the child's GAL and

---

[8] We note that in ***T.S.*** a TPR order was affirmed – even though the trial court in that matter did not appoint separate legal counsel for the child – where the subject "child's wishes [could not] be ascertained." ***T.S.***, 192 A.3d at 1089. ***T.S.*** concluded that, where "the preferred outcome of a child is incapable of ascertainment because the child is very young and pre-verbal[,] there can be no conflict between the child's legal interests and his or her best interests[.]" ***Id.*** at 1092.

legal counsel "implicat[ed] [the] child's rights to counsel in the dependency context[,]" violated provisions of both the Juvenile Act and the Rules of Juvenile Court Procedure and was, accordingly, legal error. *Id.* at 1258 (citing 42 Pa.C.S. §§ 6337, 6337.1(a); Pa.R.J.C.P. 1128(A)-(B); Pa.R.J.C.P. 1134). Guided by *L.B.M.*, the *J.F.* Court held that a child has the right "to have [] counsel present during the entirety of [dependency] proceedings[]" and the exclusion of a child's counsel from an *in camera* interview "constitutes structural error" that is not amenable to a harmless error analysis. *Id.* at 1258-60 (citing *L.B.M.*, 161 A.3d at 182-83; Pa.R.J.C.P. 1128(A)-(B); Pa.R.J.C.P. 1134).

Lastly, in *In re M.S.*, 1938 EDA 2023, 2024 WL 2106235 (Pa. Super. filed May 10, 2024) (unpublished mem.), the father appealed from an order adjudicating his child dependent and removing the child from his care, arguing that the trial court had violated the "Rules of Juvenile Court Procedure[,] as well as his due process rights, by excluding his counsel from participating in an *in camera* interview of [his child]." *M.S.* 2024 WL 2106235 at *1, *3.[9] The *M.S.* Court noted that, "at a minimum, due process demands that counsel for all parties be present for [] *in camera* dependency proceedings[]" because the exclusion of counsel "denie[s] relevant information" to the parent and violates the parent's right "to confront and cross-examine witnesses[.]" *Id.* at *4 (citations omitted). Further, this Court disagreed with the *M.S.* trial

---

[9] We may cite to non-published decisions of this Court filed after May 1, 2019 for their persuasive value pursuant to Pa.R.A.P. 126(b).

court's rationale that it could exclude "the parties' counsel at [the child's] request to minimize [the child's] trauma, anxiety, and fear[]" during the *in camera* interview. *Id.* at \*4. The **M.S.** Court agreed that the father's right to counsel had been violated and, therefore, vacated the dependency order and remanded for a new hearing. *Id.* at \*1, 5.

We first address M.L. and I.L.'s rights to separate legal counsel. Here, the record reflects that, upon Agency's filing of the TPR petitions, the trial court appointed Attorney Johnson as GAL for all four Children and appointed separate legal counsel for A.J.L., then aged twelve, and A.L., then aged eleven. *See* Trial Ct. Order, OC-2024-00893, 6/11/24, at 2 (unpaginated); Trial Ct. Order, OC-2024-00892, 6/17/24. The trial court did not appoint separate legal counsel for M.L., then aged eight, nor I.L., then aged six. *See* Trial Ct. Order, OC-2024-00891 6/11/24; Trial Ct. Order, OC-2024-00890, 6/11/24. Further, the record does not reflect that the trial court determined that there was no conflict between M.L.'s and I.L.'s best interests and their legal interests to permit Attorney Johnson to serve as both GAL and legal counsel for M.L. and I.L. *See K.M.G.*, 240 A.3d at 1236.

While a GAL may represent both a child's best interests and legal interests in TPR proceedings, before appointing the GAL to the additional role of child's legal counsel, a trial court must determine that there is no conflict between a child's best interests and his or her legal interests. *See id.* at 1235-36. Here, the trial court did not make an on-the-record determination as to whether there was a conflict between those interests. Therefore, we are

constrained to conclude the trial court committed structural error in failing to appoint legal counsel for M.L. and I.L. *See id.* at 1224; *see also L.B.M.*, 161 A.3d at 183; *A.C.M.*, 333 A.3d at 708.[10]

Next, we address Father's, A.L.'s, and A.J.L.'s respective rights to counsel during the trial court's *in camera* interview with Children on August 21, 2024. In responding to Mother's separate appeal of the TPR orders, which raised claims based on the exclusion of both Mother's and Children's counsel from the *in camera* interview, the trial court explained:

> Pursuant to 42 Pa.C.S.[] § 6351, "[i]n any permanency hearing held with respect to the child, the court shall consult with the child regarding the child's permanency plan, including the child's desired permanency goal, in a manner appropriate to the child's age and maturity." 42 Pa.C.S.[] § 6351(e)(1). Thus, the meeting that occurred was one required by statute, and a court stenographer transcribed [] Children's words.
>
> * * *
>
> The trial court understands [] Pa.R.J.C.P. 1134 states "Upon motion by any party or on the court's own motion, *in camera* proceedings are to be recorded and each party's attorney shall be present." The record, however, does not reflect that Mother's counsel, nor Father's counsel, moved to be present during the interview[s] with [] Children during the [August 21, 2024] permanency review hearing.

---

[10] Given that M.L. and I.L. were eight and six years old respectively at the time of the TPR petition filing, and that the trial court then interviewed M.L. and I.L. at the *in camera* interview of August 21, 2024 to ask about their wishes regarding adoption, the *T.S.* presumption – that there is "no conflict between the child's legal interests and his or her best interests" where the child is "very young and pre-verbal" and, accordingly, unable to communicate a preference – clearly does not apply here. *T.S.*, 192 A.3d at 1089.

> Nevertheless, to the extent the Superior Court finds that this court did err in its reliance upon the meeting [with Children], this court respectfully requests that the [Superior] Court consider this error to be harmless.

Trial Ct. Op., 4/2/25, at 4-6 (some formatting altered).

Based on our review of the record, we disagree with the trial court's conclusions. The record does not reflect that Father received prior notice of the trial court's intention to conduct an *in camera* interview with Children on August 21, 2024. Further, only Attorney Johnson was present during these interviews; neither Father's counsel, A.L.'s legal counsel, nor A.J.L.'s legal counsel were present. **See** N.T., 8/21/24. The record does not indicate that Father waived the right to have his counsel present at the interview. Likewise, there is nothing in the record to indicate that either Attorney Guthrie or Attorney Thompson were offered the opportunity to be present at the *in camera* interview to represent their respective clients or that they waived that right. Further, while the trial court notes that neither Father's nor Mother's counsel "moved to be present" at the *in camera* interview, Rule 1134 provides that the parties' counsel "shall be present" at *in camera* proceedings. Trial Ct. Op., 4/2/25, at 5; Pa.R.J.C.P. 1134. Accordingly, we hold that the parties' counsels were not required to obtain permission to be present at the *in camera* interview; rather, it was the trial court's duty to ensure that the parties'

counsels were present at the interview. ***See J.F.***, 308 A.3d at 1258-59; ***see also M.S.*** 2024 WL 2106235 at *1, 5.[11]

Therefore, the exclusion of legal counsel for Father, A.L., and A.J.L. from the *in camera* interview with Children on August 21, 2024 violated Pa.R.J.C.P. 1134's mandate that "each party's counsel shall be present" at *in camera* proceedings. ***See*** Pa.R.J.C.P. 1134. The exclusion of counsel deprived Father, A.L., and A.J.L. of their respective rights to counsel during the *in camera* interview. ***See*** 42 Pa.C.S. §§ 6337, 6337.1(a); 23 Pa.C.S. §§ 2313(a), (a.1); ***see also L.B.M.***, 161 A.3d at 183 (noting that our "legislature has codified a process that affords a full and fair opportunity for all of the affected parties to be heard and to participate in a TPR proceeding"); ***J.F.***, 308 A.3d at 1257 (stating that "parties in dependency proceedings are entitled to representation by legal counsel at all stages of any proceedings as a matter of statutory law" (some formatting altered and citation omitted)); ***C.A.S.*** 166 A.3d a 356-57 (holding that "[p]arents in involuntary termination proceedings have a constitutionally-protected right to counsel" (citation omitted)); ***see also M.S.***, 2024 WL 2106235 at *3-4 (concluding that the trial court violated a parent's due process by excluding the parent's counsel from *in camera* interview of the child).

---

[11] Even if Pa.R.J.C.P. 1134 required Father's counsel to ask permission to attend the *in camera* interview (which it does not), the record does not establish that Father's counsel had prior notice of the *in camera* proceeding to prompt such a request.

In summary, M.L. and I.L. were deprived of their right to legal counsel because the trial court either failed to appoint legal counsel or failed to determine that there was no conflict between their best interests and their legal interests such that Attorney Johnson could serve as their GAL and their legal counsel. **See K.M.G.**, 240 A.3d at 1235-36. Father, A.L., and A.J.L. were deprived of their right to counsel when the trial court held an *in camera* interview with Children without their legal counsel present. **See J.F.**, 308 A.3d at 1257; **C.A.S.** 166 A.3d a 356-57; **M.S.**, 2024 WL 2106235 at *3-4.

The deprivation of a party's right to counsel in dependency and TPR proceedings is clearly structural error, which is not amenable to a harmless error review. **J.F.**, 308 A.3d at 1258-59. Therefore, we must vacate the trial court's TPR orders and remand for a new TPR hearing at which the parties are afforded their right to counsel throughout the proceedings, including at any *in camera* interview with Children to determine their preferred outcomes. **See K.M.G.**, 240 A.3d at 1236; **L.B.M.**, 161 A.3d at 183; **A.C.M.**, 333 A.3d at 708-09; **J.F.**, 308 A.3d at 1258-59; **C.A.S.**, 166 A.3d at 356-57; **M.S.**, 2024 WL 2106235 at *1-5. Notwithstanding our vacatur of the trial court's TPR order of January 9, 2025, we do not disturb the placement of Children in foster care where they have remained since March 31, 2022. **See** Trial Ct. Order & Op., 1/9/25, at 3. This will maintain the status quo while the trial court addresses the TPR issues consistent with this memorandum. Accordingly, we vacate the

TPR orders and remand for a new hearing consistent with this memorandum, upon remittal of the record.[12],[13]

Termination orders vacated. Remanded for new hearings on termination petitions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 12/3/2025

---

[12] Because we resolve this appeal based on *sua sponte* addressing Father's and Children's rights to legal counsel in the below dependency and TPR proceedings, we do not reach Father's claims addressing the sufficiency of the evidence in support of termination.

[13] We remind the trial court and counsel that "compliance with **K.M.G.** should be prominently featured in the trial court's opinion and the briefs on appeal. This Court should not [need to] page through a lengthy record hoping to find evidence of compliance." **A.C.M.**, 333 A.3d at 709 n.7 (citation omitted).